[No. 7094–1.   Division One.   October 8, 1979.]

LENORA W. HALL, *Appellant*, v. ALFRED H.
STOLTE, ET AL, *Respondents*.

*Lawrence W. Moore,* for appellant.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, P.S., John C. Kouklis, Bertil Johnson, Sinnitt, Teitge, Sinnitt, Inc., P.S.,* and *Carl D. Teitge,* for respondents.

RINGOLD, J.—On the morning of April 25, 1977, the date set for trial, Lenora Hall orally moved for a voluntary nonsuit under CR 41(a)(1)(B). The order granting the voluntary nonsuit without prejudice provided as follows:

[I]t is therefore;

ORDERED, ADJUDGED AND DECREED that prior to refiling of Lenora W. Hall's personal injury action against Alfred H. Stolte and Jane Doe Stolte, husband and wife, the plaintiff Lenora W. Hall shall be required to pay to defendants Stolte as taxable costs the $200 and terms ordered for failure to keep medical exams together with the $85 cost bill as taxable costs and $200 as reasonable terms for the filing of the voluntary non–suit which was done without notice on the morning of trial. It is further

ORDERED, ADJUDGED AND DECREED that prior to the plaintiff Lenora W. Hall refiling an action against Gudrun G. Robinson and Jane [*sic*] Doe Robinson, husband and wife, that the plaintiff Lenora W. Hall shall pay to the defendants Robinson $120 as taxable costs together with $200 for terms for the taking of a voluntary non–suit on the morning of trial without notice.

No appeal was taken from this ruling.

Hall refiled her lawsuit against Stolte and Robinson without satisfying the provisions of the order granting the voluntary nonsuit. Stolte and Robinson moved in the trial court for a stay of proceedings until the conditions were satisfied, which was granted. Thereafter Hall paid the ordered costs and award of attorney's fees. The matter was subsequently settled and dismissed by stipulation and order. The stipulation provided that Hall reserved her right

to appeal the order staying proceedings under CR 41(d) and the terms imposed thereby.[1] Hall appeals from that part of the order awarding $400 attorney's fees on the basis that the trial court did not have jurisdiction to impose such fees under CR 41(d).

Initially, Stolte and Robinson moved to dismiss the appeal on the ground that the order awarding attorney's fees is nonappealable. They specifically argue that the original order granting the voluntary nonsuit was an appealable order and Hall's failure to appeal from that order within 30 days precludes review. *Weaver v. Stinson,* 177 Wash. 140, 31 P.2d 510 (1934). We reject this contention.

■ No appealable order was entered in the original lawsuit and, therefore, Hall was not required to pay costs. Upon filing of the new case with a different cause number, Stolte and Robinson immediately moved for a stay under CR 41(d). When the trial court enforced the order awarding attorney's fees by entry of the order granting the stay of proceedings, it became reviewable as part of the final judgment. RAP 2.2; RAP 2.4; *Maybury v. Seattle,* 53 Wn.2d 716, 336 P.2d 878 (1959).

■ Proceeding to the merits of the appeal, Hall contends that the trial court did not have jurisdiction to award reasonable attorney's fees under CR 41(d) when it granted the voluntary nonsuit. The rule provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of *taxable costs* of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

(Italics ours.) In *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 102, 111 P.2d 612 (1941), the court stated:

> The term "costs" may be considered as synonymous with the term "expense." Costs are allowances to a party

---

[1]No objection is taken to the award of taxable costs and to the $200 for failure to keep a medical appointment.

for the expense incurred in prosecuting or defending a suit. . . . The word "costs" in the absence of statute or agreement does not include counsel fees; in other words, the general rule is that counsel fees are not costs either in suits in equity or actions at law.

"The amount and items recoverable as attorneys' fees must of course depend on the statutes or stipulations of the parties authorizing their allowance. Although there is some authority to the contrary, if a specific amount is prescribed by statute, the court cannot allow a greater sum." 15 C.J. 117.

CR 41(d) specifically permits only taxable costs to be recovered. Taxable costs do not include the award of reasonable attorney's fees.

The order in the original cause requiring payment of attorney's fees prior to refiling the action was imposed without jurisdiction by the trial court. The trial court erred in granting the order staying proceedings for failure to pay the attorney's fees. We, therefore, reverse.

ANDERSEN and DORE, JJ., concur.

