[No. 23710–1–I.   Division One.   March 19, 1990.]

MUNIR WALJI, ET AL, *Appellants,* v. CANDYCO, INC., ET AL, *Respondents.*

---

[10]*Walker v. Bangs,* 92 Wn.2d 854, 601 P.2d 1279 (1979); *Keegan v. Grant Cy. PUD 2,* 34 Wn. App. 274, 661 P.2d 146 (1983).

*Clifford M. Curry,* for appellants.

*Thomas S. Wampold,* for respondents Candyco, Inc., et al.

*Ronald J. Trompeter,* for respondents Hazel Candies, Inc., et al.

FORREST, J.—Munir Walji, Shabir Walji, Nashir Walji, and Roshan Walji (f/k/a Queen Anne Group Ltd.) appeal from the order and judgment requiring them to pay attorney fees to Candyco, Inc., et al, after taking a voluntary nonsuit in a trial de novo after mandatory arbitration. They raise three issues:

(1) Did the court err in ruling that the motion for voluntary dismissal made just before the beginning of the trial de novo was made after plaintiff rested its opening case, so that dismissal could be granted only upon terms?

(2) Did the court err in awarding attorney fees incurred by Candyco before and during the mandatory arbitration on the grounds that Candyco was the "prevailing party"?

(3) Did the court err in awarding attorney fees incurred by Candyco after the mandatory arbitration under MAR 7.3?

We answer question (1) in the affirmative and questions (2) and (3) in the negative. We affirm the trial court's award of attorney fees.

Queen Anne Group Ltd. filed a lawsuit to enforce a commercial lease against Candyco, Inc., et al., who answered and counterclaimed. The lawsuit was subject to mandatory arbitration. Queen Anne Group lost the arbitration and requested a trial de novo. Just before trial, Queen Anne Group moved to amend its complaint because it "discovered" that it had been administratively dissolved before the lawsuit for failure to pay its corporate fees. Queen Anne Group asked that its former shareholders, Munir Walji, Shabir Walji, Nashir Walji, and Roshan Walji, be substituted as plaintiffs. The trial court denied the motion on the grounds that Queen Anne Group had not allowed Candyco sufficient discovery into the status of the corporation. Queen Anne Group then moved for a continuance, which was denied. Finally, Queen Anne Group moved for a voluntary dismissal without prejudice under CR 41(a)(1)(B).[1] The court denied this motion on the grounds that Queen Anne Group had "rest[ed] at the conclusion of [its] opening case" because the mandatory arbitration had taken place. The court allowed Queen Anne Group to take a nonsuit under CR 41(a)(2).[2]

The court awarded Candyco its attorney fees. For the period before and during the mandatory arbitration, the court relied upon a prevailing party attorney fee clause in the commercial lease. For the period after mandatory

---

[1] "[A]ny action shall be dismissed by the court: . . . Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case."

[2] "After plaintiff rests after his opening case, plaintiff may move for a voluntary dismissal without prejudice upon good cause shown and upon such terms and conditions as the court deems proper."

arbitration, the court relied upon MAR 7.3. Queen Anne Group appeals from the order awarding attorney fees, and the subsequent judgment, but does not appeal from the order of dismissal. This court granted Queen Anne Group's motion to substitute the Waljis as appellants, but this opinion shall continue to refer to them as "Queen Anne Group".

ISSUE 1: Queen Anne Group argues that the court erred in ruling that the mandatory arbitration proceeding meant that it had "rested its opening case", such that it no longer had an absolute right to a voluntary nonsuit without any payment of terms. It contends that a "trial de novo" under the mandatory arbitration statute, RCW 7.06.050, is conducted as if no arbitration had occurred. Therefore, it argues that it had a right to a voluntary nonsuit without terms until it rested its case in the trial de novo. We agree, but the error is harmless because the court awarded attorney fees based on the lease clause and MAR 7.3, not on CR 41(a)(2).

ISSUE 2: Queen Anne Group argues that the court erred in granting attorney fees to Candyco under the prevailing party attorney fee provision in the lease, which states:

> 31. *Attorneys' Fees and Costs.* If by reason of any default on the part of the Lessee it becomes necessary for the Lessor to employ an attorney, or in case Lessor shall bring suit to recover any rent due hereunder, or for breach of any provision of this lease, or to recover possession of the lease premises, or if Lessee shall bring any action for any relief against Lessor, declaratory or otherwise, arising out of this lease, then and in any of such events, *the prevailing party shall be entitled to a reasonable attorneys' fee and all costs and expenses* expended or incurred in connection with such default or action.

(Italics ours.) Queen Anne Group contends that the definition of "prevailing party" contained in RCW 4.84.330, the reciprocal attorney fee statute, must be employed in interpreting this provision. RCW 4.84.330 states in relevant part:

> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

Queen Anne Group asserts that because a dismissal without prejudice is not a final judgment,[3] Candyco could not be deemed the prevailing party and attorney fees could not be awarded under the lease provision. We disagree.

No authority is cited, nor is any compelling legal reason urged, for adopting the statutory definition of "prevailing party" quoted above in interpreting the lease provision. At the time of a voluntary dismissal, the defendant has "prevailed" in the commonsense meaning of the word. In interpreting the lease, the intentions of the parties are to be given effect. There is no reason to believe that the parties intended to incorporate this statutory definition, which is not even the usual legal definition.

In *Andersen v. Gold Seal Vineyards, Inc.,*[4] the court held that a voluntary nonsuit could create a prevailing party. In *Andersen,* the defendant moved for a voluntary nonsuit of a third party indemnity action several days into trial. The third party defendant, a foreign corporation, sought its attorney fees under a part of the long–arm statute, RCW 4.28.185(5).[5] The trial court awarded attorney fees, and the defendant appealed, claiming that there was no prevailing party. The Supreme Court rejected that argument, holding that:

> the general rule pertaining to voluntary nonsuits, that the defendant is regarded as having prevailed, should be applied . . . [T]he legislature must naturally have had in mind that a defendant who "prevails" is ordinarily one against whom no affirmative judgment is entered.

*Andersen,* at 868.

Since the case may never be renewed, it is essential to apply the attorney fee provision of the lease at the time of

---

[3]*Munden v. Hazelrigg,* 105 Wn.2d 39, 711 P.2d 295 (1985).

[4]81 Wn.2d 863, 505 P.2d 790 (1973).

[5]"In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."

dismissal to effectuate the intent of the parties. If the litigation is renewed, the attorney fee provision might once more come into play and be applied to the plaintiff's benefit. There would be no inconsistency in such a result. This interpretation will inhibit frivolous or badly prepared lawsuits and will protect parties from the expense of defending claims which do not result in liability.

The reason that an order of voluntary dismissal is not a final judgment is for the protection of plaintiffs by allowing the litigation to continue under certain circumstances. It is not for the purpose of precluding attorney fees to a defendant who has "prevailed" as things stand at that point.

■ ISSUE 3: Queen Anne Group argues that the trial court erred in invoking MAR 7.3 in granting attorney fees to Candyco for the period from the arbitration to the trial de novo. MAR 7.3 provides in relevant part:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo.

This court's recent decision in *Nguyen v. Glendale Constr. Co.*[6] is controlling. The award of attorney fees under MAR 7.3 after a voluntary nonsuit was affirmed as being within the discretion of the trial court. The *Nguyen* court noted that the Judicial Council Comment[7] relied on by Queen Anne Group had been deleted by an order dated June 30, 1989, and held that:

> Although a stated purpose of MAR 7.3 is to discourage requests for a trial de novo made for the purpose of delay, *there is no requirement that fee awards be made only where the request was made for the purpose of delay.*

---

[6]56 Wn. App. 196, 206–08, 782 P.2d 1110 (1989).

[7]"The provision in rule 7.3 concerning costs and attorney fees upon withdrawal of a request for a trial de novo discourages a party from requesting a trial de novo solely for the purpose of delaying enforcement of the award." Former Judicial Council Comment to MAR 7.3.

(Italics ours.) *Nguyen,* at 207. Accepting the Queen Anne Group's argument would undercut the policy of mandatory arbitration by creating an escape hatch for plaintiff's who, after having lost at arbitration and requesting a trial de novo, could avoid attorney fees by taking a voluntary non-suit before resting. The policy of MAR 7.3 is to foster acceptance of the arbitrator's award and penalize unsuccessful appeals therefrom. An appeal resulting in a dismissal, even a voluntary one, is unsuccessful. Taking a de novo appeal to trial involves substantial delay and expense to the prevailing party at arbitration. The court should have the discretion to penalize a dismissing party under these circumstances. There is no meaningful difference between withdrawing an appeal and taking a voluntary nonsuit.

Voluntary nonsuits may come shortly after service before discovery even starts, or may come after days of trial before a jury. The decision as to whether a particular voluntary nonsuit should trigger attorney fees should be left to the discretion of the trial judge in light of the circumstances of the particular case, whether interpreting a contract clause or a statute.

Candyco, having prevailed on this appeal and having complied with RAP 18.1, is awarded attorney fees pursuant to MAR 7.3 and the lease in the sum of $2,542.26.

The judgment is affirmed.

GROSSE, A.C.J., and BAKER, J., concur.