[No. 42462-9-I.   Division One.   November 1, 1999.]

WILBERT HAWK, ET AL., *Appellants*, v. ERIC BRANJES, ET AL., *Respondents*.

*Jerry W. Bird* of *Bird & Percival*, for appellants.

*Christopher N. Weiss* of *Stoel Rives Boley Jones & Grey*, for respondents.

Grosse, J. — A trial court retains jurisdiction following a plaintiff's voluntary nonsuit under Civil Rule 41(a)(1)(B) to

consider a defendant's motion for attorneys' fees under a statutory or contractual provision. And where, as here, a bilateral attorneys' fee provision in a lease agreement provides for fees to the successful party in an action to enforce the terms of the lease, an award of reasonable fees is appropriate notwithstanding the definition of "prevailing party" in RCW 4.84.330.

## FACTS

On January 23, 1998, Wilbert and Daisy Hawk filed a summons and complaint against Eric and Louann Branjes.[1] The complaint alleged that the Branjeses were in breach of a commercial lease. The Hawks requested damages for rental payments due and an injunction preventing the Branjeses from removing fixtures from the premises.

The court granted the Hawks' ex parte request for a temporary restraining order. The Hawks' attorney personally served Eric Branjes with notice of the order. The Branjeses' attorney filed a notice of appearance on January 28.

On February 9, 1998, before the Branjeses filed their answer, the Hawks moved for a voluntary dismissal of their complaint under CR 41(a)(1)(B). The court granted the motion. The Branjeses then requested attorneys' fees pursuant to a provision of the lease agreement. Paragraph 11 of the lease stated:

> In the event either party employs an attorney to enforce any terms of this agreement and is successful, the other party agrees to pay a reasonable attorney's fee. In the event of a trial, the amount shall be as fixed by the court.

The court granted the request, stating specifically in its order and judgment that the Branjeses were "entitled to an award of reasonable attorneys' fees and costs pursuant to

---

[1] It appears from the record that the correct spelling of the respondents' last name is Branjes.

¶ 11 of the parties' lease." The court denied the Hawks' motion for reconsideration. The Hawks appeal.

## DISCUSSION

1. The Branjeses were entitled to attorneys' fees under the terms of the lease agreement.

█ RCW 4.84.330 states that the "prevailing party" in any action to enforce the provisions of a lease is entitled to reasonable attorneys' fees and costs when the lease provides for the fees and costs of one of the parties.

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.[2]

The statute specifically defines the term prevailing party as "the party in whose favor final judgment is rendered."[3] The Hawks contend that the trial court erred in awarding fees in this case because a voluntary dismissal under CR 41(a)(1)(B) does not result in a final judgment. But at issue here is not the statutory definition of prevailing party, but rather the intent of the parties with regard to the attorneys' fee provision in the lease agreement.

RCW 4.84.330 is relevant in any given case only to the extent that the statute overrides the parties' intent on matters covered by the statute. In a dispute between parties to a lease, the statute, by its very terms, applies only if the lease agreement provides for fees and costs exclusively to *one* of the parties. The intent of the statute is to level the playing field by allowing *either* party to recover fees

[2]RCW 4.84.330.

[3]*Id.*

and costs if they prevail. In effect, the statute turns a unilateral attorneys' fee provision into a bilateral one.[4]

But where a dispute between parties to a lease arises based on a lease agreement that does not contain an attorneys' fee provision, RCW 4.84.330 does not provide a separate, independent right of action. And where, as here, the agreement already contains a bilateral attorneys' fee provision, RCW 4.84.330 is generally inapplicable.

The lease agreement between the Hawks and the Branjeses provides for attorneys' fees if either party employs an attorney to enforce the lease and is successful. The only remaining question, therefore, is whether the parties intended to adopt the statutory definition of prevailing party contained in RCW 4.84.330. As to that issue, we find our opinion in *Walji v. Candyco, Inc.*[5] persuasive.

In *Walji*, we were presented with facts similar to those before us here. The trial court in *Walji* awarded the defendant attorneys' fees under a bilateral fee provision in a lease agreement after the court issued an order of voluntary nonsuit under CR 41(a)(2).[6] The lease agreement provided fees to the "prevailing party."[7] In response to plaintiff's contention that the court must employ the definition of prevailing party contained in RCW 4.84.330 to interpret the lease agreement, we held:

No authority is cited, nor is any compelling legal reason urged, for adopting the statutory definition of "prevailing party" quoted above in interpreting the lease provision. At the time of a voluntary dismissal, the defendant has "prevailed" in the commonsense meaning of the word. In interpreting the lease, the intentions of the parties are to be given effect. There is no reason to believe that the parties intended to incorporate

[4]*Herzog Aluminum, Inc. v. General Am. Window Corp.*, 39 Wn. App. 188, 196-97, 692 P.2d 867 (1984).

[5]*Walji v. Candyco, Inc.*, 57 Wn. App. 284, 787 P.2d 946 (1990).

[6]*Id.* at 286-87.

[7]*Id.* at 287.

this statutory definition, which is not even the usual legal definition.[8]

We noted that under the general rule, the defendant is regarded as having prevailed when the plaintiff obtains a voluntary nonsuit.[9]

The Hawks argue that this interpretation would render CR 41(d) meaningless. We disagree. CR 41(d) merely states that a court may order a plaintiff who has previously obtained an order of voluntary dismissal on the same claim against the same defendant to pay costs for the action previously dismissed.

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of taxable costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.[10]

Because not every action is governed by a contractual or statutory cost provision, the rule is not rendered meaningless simply because some contracts or statutes provide for costs. We further note that CR 41(d) does not address the issue of attorneys' fees at all.[11]

The facts here clearly illustrate that the parties did not intend to rely on the statutory definition of prevailing party. The lease agreement does not even use the phrase "prevailing party," instead stating that the "successful party" shall be entitled to attorneys' fees. As in *Walji*, we find no compelling reason to stray from the plain meaning of the parties' words in interpreting this agreement. The trial court

---

[8]*Id.* at 288.

[9]*Id.* (citing *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 868, 505 P.2d 790 (1973)).

[10]CR 41(d).

[11]*See Hall v. Stolte*, 24 Wn. App. 423, 426, 601 P.2d 967 (1979) ("CR 41(d) specifically permits only taxable costs to be recovered. Taxable costs do not include the award of reasonable attorney's fees.").

correctly determined that the Branjeses were entitled to attorneys' fees under paragraph 11 of the lease.

    2. The trial court had jurisdiction under the lease agreement to award attorneys' fees following the Hawks' voluntary nonsuit.

■ The Hawks argue that the trial court lacks jurisdiction to enter an attorneys' fee award following their voluntary dismissal. In support of this contention, the Hawks cite our holding in *Cork Insulation Sales Co. v. Torgeson*,[12] wherein we held that the entry of a judgment after an order of dismissal exceeds the jurisdiction of the court. But this holding was in reference to the court's entry of a judgment in favor of the plaintiff, based on a previous assessment of terms against the defendant, three months after the plaintiff obtained a voluntary nonsuit, and two weeks after the defendant filed a notice of appeal. The portion of the opinion cited by the Hawks does not relate to attorneys' fees awarded under a statute or contractual provision.

The Hawks fail to cite to the portion of that very opinion, where, in addressing the trial court's failure to award the defendant statutory attorneys' fees following the plaintiff's nonsuit, we recognized that "[s]everal cases have awarded costs and attorney fees under other statutory or specific contractual provisions when a complaint has been dismissed voluntarily, either with or without prejudice."[13] We distinguished those cases in holding that the statutory provision at issue in *Cork Insulation* did not provide for attorneys' fees absent a judgment.[14]

While a voluntary dismissal under CR 41(a)(1) generally divests a court of jurisdiction to decide a case on the merits, an award of attorneys' fees pursuant to a statutory provi-

---

[12]*Cork Insulation Sales Co. v. Torgeson*, 54 Wn. App. 702, 705, 775 P.2d 970 (1989).

[13]*Id.* at 705.

[14]In *Allahyari v. Carter Subaru*, 78 Wn. App. 518, 522-24, 897 P.2d 413 (1995), we disagreed with the holding in *Cork Insulation Sales* that a voluntary dismissal is not a final judgment for purposes of awarding attorneys' fees under RCW 4.84.250. We need not address that issue here.

sion or contractual agreement is collateral to the underlying proceeding. As a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees.[15] Any other result would permit a party to voluntarily dismiss an action to evade an award of fees under the express terms of a statute or agreement. Moreover, to hold otherwise would unnecessarily subject the courts to separate actions to recover fees readily ascertainable upon dismissal of the underlying claim. Consequently, the trial court here properly retained jurisdiction to award attorneys' fees under the terms of the lease agreement.

3. The trial court's fee award was reasonable, but the court erred by awarding costs.

■ The Hawks contend that the court abused its discretion in determining the amount of the attorneys' fee award. The Hawks challenged the reasonableness of the award in their motion for reconsideration. In *Walji* we stated:

> Voluntary nonsuits may come shortly after service before discovery even starts, or may come after days of trial before a jury. The decision as to whether a particular voluntary nonsuit should trigger attorney fees should be left to the discretion of the trial judge in light of the circumstances of the particular case, whether interpreting a contract clause or statute.[16]

The Branjeses' attorney presented documentation of the type of work performed and the category of attorney who performed the work.[17] We find the trial court's order and the supporting documentation sufficient to permit ap-

[15]*Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) ("Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated."). *Cf. Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 116, 786 P.2d 265 (1990) (holding that where a court has "jurisdiction to determine its jurisdiction, [the court] has the power to award costs even if jurisdiction is found to be wanting.").

[16]*Walji*, 57 Wn. App. at 290.

[17]*See Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632 (1998).

pellate review. And upon review, we agree that the fees alleged are reasonable in light of the facts and circumstances of this case.

While attorneys' fees were appropriately awarded under the lease, the court erred by awarding costs. The lease provision upon which the court based its award applies only to fees and does not address the issue of costs. The Branjeses have provided no authority, either statutory or contractual, permitting the court to award costs in this case. Accordingly, we vacate the attorneys' fee and cost award and remand for the entry of an award excluding costs. Under paragraph 11 of the lease agreement, we award the Branjeses their attorneys' fees on appeal.

KENNEDY, C.J., and AGID, J., concur.