[Nos. 48913-5-I; 49934-3-I;   Division One.   June 2, 2003.]
49935-1-I.

MARIA TERESA ESCUDE, ET AL., *Appellants*, v. KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 2, ET AL., *Respondents*.

DON O. FLEMING, *Appellant*, v. LEASE CRUTCHER LEWIS, ET AL., *Respondents*.

KENNETH ANDERSON, *Appellant*, v. LEASE CRUTCHER LEWIS, ET AL., *Respondents*.

*Carl A. Taylor Lopez* (of *Lopez & Fantel*), for appellants Escude.

*Mary R. Mann* (of *Mann & Peck*), for appellants Don O. Fleming and Kenneth Anderson.

*Mary K. McIntyre* (of *McIntyre & Barns, P.L.L.C.*), for respondents King County Public Hospital District No. 2, Susan E. Rutherford, Roberta H. deRegt, and Eastside Maternal Fetal Medicine Association.

*John C. Graffe, Jr.* and *Melissa A. MacDougall* (of *Johnson, Graffe, Keay, Muniz & Wick*), for respondent Joseph E. Turner.

*Mark R. Busto* and *Geoffrey M. Boodell* (of *Sebris Busto James*), for respondent Lease Crutcher Lewis.

*Beth M. Andrus* (of *Skellenger Bender, P.S.*), for respondent Hart Crowser, Inc.

GROSSE, J. — A trial court's discretion under CR 41(a)(4) to order dismissal with prejudice should be exercised only in limited circumstances where dismissal without prejudice would be pointless. That was the case in the three cases here. In each case, the trial court dismissed a number of claims *with* prejudice after a plaintiff moved for a voluntary dismissal pursuant to CR 41(a)(1)(B). Therefore, these three cases are consolidated for the purpose of issuing one opinion.

*Escude v. King County Public Hospital District No. 2*:

Maria Teresa Escude suffered profound brain injuries at the time of her birth. A complaint was filed on her behalf claiming violations of the standard of care for health care providers and for failure to obtain informed consent. In response to summary judgment motions brought by most of the respondents here, the Escudes made certain concessions or admissions as to a number of the claims. A short time later, the Escudes sought voluntary dismissal of all of their claims pursuant to CR 41(a)(1)(B), including those they conceded in response to the summary judgment motions. The court granted voluntary dismissal of all the claims, but dismissed the conceded claims *with* prejudice.[1] The Escudes appeal only the claims dismissed *with* prejudice. Appellants Evergreen Hospital, Dr. Rutherford, and Dr. deRegt seek attorney fees on appeal pursuant to RAP 18.1 and RAP 18.9(a) for a frivolous appeal.

---

[1] The trial court granted the motion for voluntary dismissal in the medical malpractice case. The informed consent claims against Dr. deRegt, Dr. Turner, and Evergreen Hospital, and all negligence claims against Dr. Rutherford, the nursing staff, and Evergreen Hospital were dismissed with prejudice. The claims of negligence against Dr. Turner and Dr. deRegt and against Evergreen Hospital for vicarious liability for Dr. deRegt's actions were dismissed without prejudice.

Background Information re: *Fleming v. Lease Crutcher Lewis* and *Anderson v. Lease Crutcher Lewis*

In mid-November of 2000, three former employees of Lease Crutcher Lewis (Lease Crutcher) filed complaints for damages and injunctive relief against Lease Crutcher and subcontractor Hart Crowser, Inc. (Hart Crowser). The employees alleged seven causes of action: harassment; hostile work environment; disparate treatment discrimination; infliction of emotional distress; negligent hiring, supervision, and retention; retaliation for protected activities; and wrongful termination. Contentions of unsafe working conditions and/or exposure to toxins or chemicals were also made. Cases from two of these former employees are now before the court in this appeal. The third case was dismissed on summary judgment and is not before us here.

*Fleming v. Lease Crutcher:*

At the trial court, by stipulation, Fleming and defendant Hart Crowser agreed that five of the seven claims were not being asserted against Hart Crowser. Those claims were dismissed with prejudice. Hart Crowser then moved for summary judgment to dismiss the remaining two claims. In opposition to the motion, Fleming relied on a declaration of Mac Davis as an expert witness and as an employee of the Washington State Department of Labor and Industries. Davis opined that the soil at one of the construction sites was contaminated, exceeding acceptable benzene levels. The trial court denied the motion for summary judgment. Later, Hart Crowser moved to exclude Davis's testimony and to strike his previous declaration because (1) the State prohibited Davis from offering the opinion, (2) Davis was not qualified to offer expert testimony, and (3) Davis admitted that the conclusions in his declaration were erroneous. The motion to exclude and strike was granted. Counsel for Fleming withdrew the declaration and stipulated that Davis would not be called as a witness. Hart Crowser then filed a second motion for summary judgment. Fleming

opposed this motion. The trial court granted it, dismissing Fleming's claims against Hart Crowser with prejudice.

A week later, on December 21, 2001, Fleming filed a motion to dismiss his claims against defendant Lease Crutcher pursuant to CR 41(a)(1)(B). Lease Crutcher opposed the voluntary dismissal without prejudice, seeking dismissal with prejudice, due to the prior decision and to the running of any applicable statutes of limitation. The court granted the voluntary dismissal *with* prejudice and reserved ruling on any request for attorney fees and costs.

Fleming appealed, seeking review of the trial court's orders regarding Davis's ability to testify, the order denying his motion to strike Hart Crowser's second motion for summary judgment, the order granting summary judgment dismissing Hart Crowser with prejudice, and the order dismissing Fleming's nonsuit with prejudice against Lease Crutcher. However, in his appeal brief, Fleming argues only the fourth claim, asserting error related to the grant of the voluntary nonsuit dismissal with prejudice dismissing claims against Lease Crutcher.

No argument was made concerning the orders with regard to Hart Crowser. Hart Crowser seeks sanctions on appeal against Fleming pursuant to RAP 18.9(a) because it claims it was improperly forced to reply to Fleming's notice of appeal to protect its interests and then Fleming abandoned the appeal.

*Anderson v. Lease Crutcher*:

As to respondent Hart Crowser, the facts regarding Anderson's claims against it are similar to those of Fleming. Anderson moved for a voluntary nonsuit before Hart Crowser's second motion for summary judgment was decided. Hart Crowser responded and objected to Anderson's motion to dismiss the remaining claims without prejudice. The trial court dismissed Anderson's claims against Hart Crowser and Lease Crutcher by granting the motions for voluntary nonsuit but *with* prejudice due to the running of applicable statutes of limitation.

The trial court granted Lease Crutcher's motion for an award of attorney fees and costs against counsel and her law firm in an amount of $6,065. This was reduced to judgment after the appeal was filed, and the appeal was not amended to include the judgment. Hart Crowser did not file a motion for fees or costs.

Anderson filed a notice of appeal seeking review of the trial court's order denying his motion to strike Hart Crowser's second motion for summary judgment; the order granting nonsuit but dismissing his claims with prejudice; the order denying reconsideration of the dismissal; and the order granting the motion for attorney fees and costs, including the order denying reconsideration. His appellate brief addresses only two of these claims, the nonsuit dismissal with prejudice and the order for fees and costs.

## DISCUSSION

■ The appellants ask this court to determine that a trial court erred when it granted their motions for voluntary nonsuit pursuant to CR 41(a)(1)(B) *with* prejudice. This court reviews an order regarding a motion to dismiss for manifest abuse of discretion.[2] Abuse occurs when the ruling is manifestly unreasonable or discretion was exercised on untenable grounds.[3]

■ Initially it must be noted that Fleming's action against Hart Crowser was dismissed on summary judgment a week prior to his motion for a voluntary nonsuit. Fleming has abandoned the claims against Hart Crowser and does not offer argument with regard to the prior summary judgment. As such this court deems the issue waived and will not review it.[4]

---

[2] *McCandlish Elec., Inc. v. Will Constr. Co.*, 107 Wn. App. 85, 93, 25 P.3d 1057 (2001).

[3] *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

[4] It is well settled that a party's failure to assign error to or provide argument and citation to authority in support of an assignment of error, as required under RAP 10.3, precludes appellate consideration of an alleged error. *Hollis v. Garwall*,

■ CR 41(a)(4) provides: "Unless otherwise stated in the order of dismissal, the dismissal is without prejudice . . . ." Under the plain language of the rule it is evident that a trial court may dismiss a claim with prejudice, otherwise the language of the rule would be superfluous. Our Supreme Court has held that a trial court has the discretion to grant a nonsuit with or without prejudice, especially as a part of the court's inherent power to impose a sanction of dismissal in a proper case. *In re Det. of G.V.*, 124 Wn.2d 288, 297-98, 877 P.2d 680 (1994). This interpretation is also consistent with the analogous federal rule, Federal Rule of Civil Procedure 41(a)(2), which also provides that a dismissal is without prejudice unless otherwise specified.[5]

The Escudes, Fleming, and Anderson rely on *Greenlaw v. Renn*[6] for the proposition that CR 41 confers an absolute right to voluntary dismissal without prejudice. A review of the holding in *Greenlaw* does not support the claim. There, the trial court ignored or refused to consider the motion for dismissal by voluntary nonsuit and decided the case on the merits. Contrary to Fleming's and Anderson's claim here, the *Greenlaw* court did not decide whether there was an absolute right to a voluntary dismissal of claims without prejudice. Further, the *Greenlaw* case was decided prior to the Supreme Court's ruling in *In re Detention of G.V.*

■ In the Fleming and Anderson cases, the court considered and granted the nonsuit, but did so with prejudice because the various applicable statutes of limitation had run on the claims, with the possible exception of one claim relating to those between Fleming and Lease Crutcher.[7] Attempting to circumvent the statute of limitation issues,

---

*Inc.*, 137 Wn.2d 683, 689 n.4, 974 P.2d 836 (1999); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). *See also CTVC of Haw. Co. v. Shinawatra*, 82 Wn. App. 699, 706 n.2, 919 P.2d 1243, 932 P.2d 664 (1996).

[5] *See Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994) (voluntary dismissal should be with prejudice where claims not viable under state law).

[6] *Greenlaw v. Renn*, 64 Wn. App. 499, 824 P.2d 1263 (1992).

[7] However, even that claim has no basis in the record before the court. Fleming admits this in his deposition.

both Fleming and Anderson assert an additional claim on appeal that was not raised in their complaints, nor was it argued to the court below.[8] We decline to consider this new claim.[9]

■ The Escudes argue that a trial court has no discretion to impose terms or conditions on a plaintiff's voluntary motion for dismissal. But as stated above, CR 41(a)(4) provides the trial court with the discretion to make the dismissal with prejudice in an appropriate case.[10] The Escudes conceded a number of claims in their response to summary judgment and it was only these conceded claims that were dismissed with prejudice in the case. The trial courts did not err in granting the motions for voluntary nonsuit with prejudice under the facts of these cases.

## ATTORNEY FEES

■ After the voluntary dismissal of an action under CR 41(a), a trial court retains jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision.[11] Whether or not to award the expenses following a voluntary nonsuit is within the discretion of the trial court, in light of the facts

---

[8] Anderson and Fleming claim that RCW 4.16.310, the statute of repose governing construction claims, allows them six years to file their claims. This statute is a statute of repose or abrogation, rather than a statute of limitation, because it establishes the time period in which the cause of action must accrue, rather than the time period after accrual in which a plaintiff must commence his/her action. *Jones v. Weyerhaeuser Co.*, 48 Wn. App. 894, 898, 741 P.2d 75 (1987). As well as being incorrect, this argument is not properly raised on appeal as it was not contained in the complaint and was not argued to the trial court below.

[9] Generally, this court will not consider an issue that was not raised at the trial court. *Harris v. Dep't of Labor & Indus.*, 120 Wn.2d 461, 468, 843 P.2d 1056 (1993); *see also* RAP 2.5(a). The court does have discretion to consider issues not raised in the trial court, but here it is not reasonable. Even if we were to determine there is error, any error would be harmless as the applicable statutes of limitation would prevent any refiling of the claims. They would be time barred.

[10] *G.V.*, 124 Wn.2d at 297-98 (citing 24 Am. Jur. 2d *Dismissal, Discontinuance, and Nonsuit* § 41 (1983)).

[11] *Hawk v. Branjes*, 97 Wn. App. 776, 782-83, 986 P.2d 841 (1999).

and circumstances of the entire case.[12] The same standard is used when reviewing sanctions imposed under CR 11 and RCW 4.84.185.[13]

The statutory basis argued below for the award of expenses to Lease Crutcher from Anderson was RCW 4.84.185[14] and CR 11. The statute allows for recovery of attorney fees and costs for the prevailing party where the lawsuit is found to be frivolous. The statute also requires written findings by the judge indicating that the action was frivolous and advanced without reasonable cause. Under the general rule of CR 41, a defendant is regarded as having prevailed when the plaintiff obtains a voluntary nonsuit.[15] Lease Crutcher is a prevailing party in this instance.

Contrary to Anderson's claim, the order granting Lease Crutcher's motion for attorney fees and costs contained findings, albeit stated as conclusions, reciting the complaint was frivolous and advanced without reasonable cause; the lawsuit could not be supported by rational argument on the law or facts; the lawsuit was not grounded in fact or warranted by existing law; and finally that

---

[12] *Hawk*, 97 Wn. App. at 783-84 (quoting *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 290, 787 P.2d 946 (1990)).

[13] *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 937-38, 946 P.2d 1235 (1997).

[14] RCW 4.84.185, titled "Prevailing party to receive expenses for opposing frivolous action or defense," states in pertinent part as follows:

In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

[15] *Walji*, 57 Wn. App. at 288 (quoting *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 868, 505 P.2d 790 (1973)).

counsel failed to conduct reasonable inquiry into the factual or legal basis of the action.

As noted in the *Walji* case this court stated:

> Voluntary nonsuits may come shortly after service before discovery even starts, or may come after days of trial before a jury. The decision as to whether a particular voluntary nonsuit should trigger attorney fees should be left to the discretion of the trial judge in light of the circumstances of the particular case, whether interpreting a contract clause or a statute.[16]

██ At the time the action was initially filed, Anderson believed he had an expert to testify that the soil in the area he was working was sufficiently contaminated to cause injury. However, by the time of argument on any of the motions before the court in these cases, the declaration and potential testimony of Davis had been expunged. There was nothing left of either Anderson's or Fleming's case due to the specter of the statute of limitations. At this time Hart Crowser and Lease Crutcher offered to let the Anderson and Fleming cases be dismissed without fees or costs, with the demand that the actions be dismissed with prejudice. Counsel for Anderson and Fleming decided to press on. In light of the circumstances of this case, the trial court did not abuse its discretion in imposing sanctions. The fees and costs awarded to Lease Crutcher below were proper.

██ Hart Crowser argues that it is entitled to an award of attorney fees and costs on appeal as sanctions against Fleming and his counsel under RAP 18.9(a). We agree. Fleming abandoned any challenge to the trial court's orders affecting Hart Crowser.[17] Counsel for Fleming asserts that because it did not make any claims of error with regard to any rulings in favor of Hart Crowser, sanctions should not be imposed on appeal. However, the notice of appeal contained claims of error in rulings favoring Hart Crowser. While true that Fleming abandoned any argument regard-

---

[16] *Walji*, 57 Wn. App. at 290 (cited as authority in *Hawk*, 97 Wn. App. at 783).

[17] *Cowiche Canyon*, 118 Wn.2d at 809; *State v. Olson*, 126 Wn.2d 315, 324, 893 P.2d 629 (1995) (Talmadge, J., concurring).

ing these issues, Hart Crowser was necessarily required to appear and defend any claim Fleming alleged under the notice of appeal. Fleming has waived the arguments he had against Hart Crowser by failing to make any arguments or citing any authority against Hart Crowser. Therefore Fleming's continuation of the appeal regarding orders affecting Hart Crowser is an action that merits sanctions under CR 11 and RAP 18.9(a). Sanctions are awarded in the amount of $1,500 against counsel for Fleming payable to counsel for Hart Crowser.

Although Lease Crutcher properly argues that the decision below awarding sanctions against Anderson in its favor should be affirmed, it has failed to request attorney fees and costs for the appeal. As such none will be granted. Similarly, Lease Crutcher argues that the trial court properly dismissed Fleming's lawsuit subject to attorney fees and costs. However, we cannot find that these fees and costs were ever granted. Further, Lease Crutcher has not sought fees and costs on appeal. Again, none will be granted.

In the Escude appeal, respondents Evergreen Hospital and Drs. Rutherford and deRegt seek an award of attorney fees and costs on appeal pursuant to RAP 18.1 and RAP 18.9(a), initially incorrectly claiming that the Escudes did not appeal from a final judgment, but arguing in the alternative that the trial court did not abuse its discretion in dismissing the conceded claims with prejudice pursuant to CR 41(a)(4). However, we find the arguments made by the Escudes concerning the effect of CR 41(a)(4) are not totally without merit and decline to award sanctions.

The decisions of the trial courts in these cases are affirmed.

BAKER and KENNEDY, JJ., concur.

Reconsideration denied February 6, 2004.