**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONNA MARKETS LLC, a Michigan limited liability company, | No.    20-35621 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-00351-TSZ |
| v. | MEMORANDUM* |
| MAKINI HOWELL, an individual; QUICKIE STORES, INC., a Washington corporation, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted June 7, 2021**
Seattle, Washington

Before:  GOULD, CLIFTON, and MILLER, Circuit Judges.

Defendants-Appellants Makini Howell and Quickie Stores, Inc. appeal from

the district court's denial of their motion for attorneys' fees and costs.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction. 28 U.S.C. § 1291. We review the district court's decision not to award attorneys' fees for an abuse of discretion, *see Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002), and its application of the law and analysis of the relevant contractual language de novo, *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir. 1985). We affirm.

The district court correctly applied Washington law. *See Cornish Coll. of the Arts v. 1000 Va. Ltd. P'ship*, 242 P.3d 1, 16 (Wash. Ct. App. 2010); *Escude v. King Cnty. Pub. Hosp. Dist. No. 2*, 69 P.3d 895, 900 (Wash. Ct. App. 2003); *Walji v. Candyco, Inc.*, 787 P.2d 946, 949 (Wash. Ct. App. 1990). Contrary to Defendants' contentions, *Walji* did not hold that a trial court does not have discretion to deny a defendant attorneys' fees after a plaintiff voluntarily dismisses its suit, but rather highlighted the court's discretion and emphasized the court's need to consider the particular circumstances of each case. 787 P.2d at 949 ("The decision as to whether a particular voluntary nonsuit should trigger attorney fees should be left to the discretion of the trial judge in light of the circumstances of the particular case, whether interpreting a contract clause or a statute."). Even if there is a presumption that a defendant has prevailed when a plaintiff voluntarily dismisses its suit, *see Wachovia SBA Lending, Inc. v. Kraft*, 200 P.3d 683, 687 (Wash. 2009), a trial court has discretion in making a determination that is contrary to that general presumption, *see Walji*, 787 P.2d at 949.

The district court did not abuse that discretion here. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) (district court abuses its discretion if the application of the correct legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record). Jonna Markets LLC voluntarily dismissed its complaint without prejudice less than a week after Defendants were served, before Defendants filed a notice of appearance or any responsive pleading or motions, and prior to a scheduling conference and submission of a joint status report. The effect, context, and timing of the voluntary dismissal supported the denial of fees, as the district court concluded that Defendants were not a prevailing party given that the case was dismissed without prejudice at such an early stage and that the parties continued to litigate their dispute in front of the Trademark Trial and Appeal Board. *See 4105 1st Ave. S. Invs., LLC v. Green Depot WA Pac. Coast, LLC*, 321 P.3d 254, 258 (Wash. Ct. App. 2014) (affirming denial of attorneys' fees where there was contractually similar language and a voluntary dismissal occurred when the litigation had progressed further than it did here). Although Defendants might have had an argument for an award based on additional fees incurred by the detour through the district court, their request pursued a much larger amount as if they had prevailed on the merits, which they had not. The district court acted within its discretion when it denied the motion.

3

**AFFIRMED.**