# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ACORN OLYMPIA LLC, an Oregon limited liability company | No. 54501-2-II |
| Appellant, | |
| v. | |
| ROBERT L. HELSTROM and YVONNE E. HELSTROM, husband and wife, and their marital community, | UNPUBLISHED OPINION |
| Respondents. | |
| JONI BAKER and JOHN DOE BAKER, wife and husband, and there marital community, and PRIME LOCATIONS, INC., a Washington corporation, | |
| Defendants. | |

LEE, C.J. — Acorn Olympia, LLC appeals the trial court's judgment and order awarding Robert and Yvonne Helstrom attorney fees as the prevailing party following dismissal based on Acorn Olympia's voluntary nonsuit. Acorn Olympia also argues that, if the trial court properly awarded the Helstroms attorney fees, it abused its discretion in the amount of attorney fees it awarded. We affirm the trial court's award of attorney fees to the Helstroms.

## FACTS

Acorn Olympia filed a complaint against the Helstroms claiming breach of contract, promissory estoppel, and unjust enrichment based on a real estate purchase and sale agreement

(REPSA). The Helstroms filed a motion for summary judgment seeking dismissal of the complaint, which the trial court denied.

The Helstroms then filed a supplemental motion to dismiss the complaint. Before the Helstroms' supplemental motion was decided, Acorn Olympia filed a stipulated motion and order of voluntary nonsuit under CR 41(a)(1)(A). The trial court dismissed Acorn Olympia's claims against the Helstroms without prejudice.

After the trial court dismissed the complaint, the Helstroms filed a motion for attorney fees and costs under the attorney fee provisions of the REPSA. Acorn Olympia objected to the motion for attorney fees, claiming that the Helstroms were not the prevailing party under the terms of the REPSA.[1] Alternatively, Acorn Olympia argued that, if the Helstroms were the prevailing party, they were entitled only to an award of attorney fees for the narrow issue of Acorn Olympia's breach of contract claim.

The trial court found,

> 5. [Acorn Olympia]'s voluntary nonsuit of its claims against Helstrom makes Helstrom the prevailing party pursuant to Paragraph 21 of the [REPSA], which provides that if the buyer or seller institutes suit against the other concerning the agreement, the prevailing party is entitled to reasonable attorney's fees and expenses.
> 6. The attorney's fees incurred by Helstrom in the amount of $51,996 and costs in the amount of $776 are reasonable. Because all facts that had to be developed through the evidence were integral to all causes of action pled by Acorn

---

[1] Paragraph 21 of the REPSA provides,

> If Buyer or Seller institutes suit against the other concerning this Agreement, the prevailing party is entitled to reasonable attorneys' fees and expenses. In the event of trial, the amount of the attorney's fee shall be fixed by the court.

Clerk's Papers (CP) at 58.

[Olympia], Helstrom may recover the entire amount requested without segregating among Acorn [Olympia]'s various causes of action.

Clerk's Papers (CP) at 441. The trial court entered judgment for the Helstroms for $52,772.

Acorn Olympia appeals.

## ANALYSIS

A.    LEGAL PRINCIPLES

We use a two-step inquiry when reviewing an award of attorney fees. *Bill & Melinda Gates Foundation v. Pierce*, 15 Wn. App. 2d 419, 446, 475 P.3d 1011 (2020), *review denied*, 197 Wn.2d 1006 (2021). First, we review the legal basis for awarding attorney fees de novo. *Id.* at 446-47. Second, we review the decision to award attorney fees and the reasonableness of the attorney fee award for an abuse of discretion. *Id.* at 447.

We apply "the 'objective manifestation theory' of contract interpretation, under which the focus is on the reasonable meaning of the contract language to determine the parties' intent." *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 712-13, 334 P.3d 116 (2014). "The touchstone of contract interpretation is the parties' intent." *Tanner Elec. Co-op v. Puget Sound Power & Light Co.*, 128 Wn.2d 656, 674, 911 P.2d 1301 (1996). When interpreting contracts, we give words their "'general and ordinary accepted meaning and connotation' unless otherwise defined by the parties or by the dictates of the context.'" *Blue Mountain Mem'l Gardens v. Dep't of Licensing, Cemetery Bd.*, 94 Wn. App. 38, 43, 971 P.2d 75 (quoting *Keeton v. Dep't of Soc. & Health Servs.*, 34 Wn. App. 353, 360-61, 661 P.2d 982, *review denied*, 99 Wn.2d 1022 (1983)), *review denied*, 138 Wn.2d 1011 (1999).

B.     PREVAILING PARTY

Acorn Olympia argues that the trial court erred by awarding the Helstroms attorney fees as the prevailing party. Specifically, Acorn Olympia contends that the trial court should have applied the definition of prevailing party in RCW 4.84.330 when interpreting the attorney fees provision in the REPSA. Acorn Olympia also contends that the trial court improperly determined that the Helstroms were the prevailing party because no final judgment was entered in their favor.

RCW 4.84.330 provides,

In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

. . . .

As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

However, here, the RESPA does not contain a unilateral attorney fees[2] provision, but instead is a bilateral provision which provides attorney fees for the prevailing party rather than one specified party. When a contract contains a bilateral attorney fee provision, the definition of prevailing party in RCW 4.84.330 does not apply. *Hawk v. Branjes*, 97 Wn. App. 776, 781, 986 P.2d 841 (1999); *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 288, 787 P.2d 946 (1990).

---

[2] A unilateral attorney fees provision is one that provides fees and costs exclusively to one party. *See Hawks v. Branjes*, 97 Wn. App. 776, 779-80, 986 P.2d 841 (1999). A bilateral attorney fees provision allows either party to recover costs or attorney fees. *See id.* "In effect, [RCW 4.84.330] turns a unilateral attorneys' fee provision into a bilateral one." *Id.* at 780.

When an award of attorney fees is based on a bilateral attorney fee provision, the courts use rules of contract interpretation to determine what meaning the parties intended for the term "prevailing party." *See Hawk*, 97 Wn. App. at 781; *Walji*, 57 Wn. App. at 288; *see also Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 490, 200 P.3d 683 (2009) ("The court in *Marassi* [*v. Lau*, 71 Wn. App. 912, 918-19, 859 P.2d 605 (1993),] erred by applying the language of RCW 4.84.330 to a bilateral contract. . . ."). For example, in *Walji*, the court rejected the definition of prevailing party under RCW 4.84.330 because there was "no reason to believe that the parties intended to incorporate this statutory definition, which is not even the usual legal definition." 57 Wn. App. at 288. Similarly, in *Hawk*, the court declined to apply the statutory definition of prevailing party to because the "facts here clearly illustrate that the parties did not intend to rely on the statutory definition of prevailing party." 97 Wn. App. at 781.

And when determining the meaning of prevailing party in cases with a bilateral attorney fees provision, the courts apply a "common sense meaning" of prevailing party. *Walji*, 57 Wn. App. at 288. Under such an approach, "[a]t the time of a voluntary dismissal, the defendant has 'prevailed' in the common sense meaning of the word." *Id.*; *see also Hawk*, 97 Wn. App. at 781. Accordingly, unless the parties have expressed an intent to rely on the statutory definition of prevailing party in RCW 4.84.330, the common sense meaning of the term "prevail" includes instances where the defendant voluntarily dismisses its claims. *See Walji*, 57 Wn. App. at 288; *Hawk*, 97 Wn. App. at 781.

Here, like in *Walji* and *Hawk*, there is no evidence that the parties intended to adopt the statutory definition of prevailing party under RCW 4.84.330 for the purpose of interpreting the

5

attorney fees provision in the REPSA.[3]  Therefore, based on the "common sense meaning" of "prevail" recognized in *Walji*, the Helstroms would be considered the prevailing party following Acorn Olympia's voluntary nonsuit.  Accordingly, the trial court did not err by concluding that the Helstroms were entitled to an award of attorney fees under the attorney fees provision of the REPSA.

C.      AMOUNT OF ATTORNEY FEES

Acorn Olympia also argues that the trial court abused its discretion by awarding the Helstroms attorney fees without segregating out attorney fees and costs related exclusively to the breach of contract claim as opposed to the promissory estoppel and unjust enrichment claims. Because all the claims arose out of the same set of facts such that no reasonable segregation can be made, the trial court did not abuse its discretion by not requiring the Helstroms to segregate the attorney fees.

"If attorney fees are recoverable for only some of a party's claims, the award must properly reflect a segregation of the time spent on issues for which fees are authorized from time spent on other issues."  *Mayer v. City of Seattle*, 102 Wn. App. 66, 79-80, 10 P.3d 408 (2000), *review denied*, 142 Wn.2d 1029 (2001).  But a trial court is not required to segregate attorney fees when

---

[3]  Alternatively, Acorn Olympia argues that the trial court erred by failing to consider whether the parties intended to adopt the statutory definition of prevailing party.  Acorn Olympia further argues that the trial court erred by failing to consider the circumstances surrounding the case.  Here, the trial court's written findings of fact do not specifically indicate why the trial court determined that the Helstroms were the prevailing party under the terms of the REPSA.  And Acorn Olympia specifically decided not to provide a verbatim report of proceedings.  Therefore, the record is not sufficient to address Acorn Olympia's argument.  *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998) (we may decline to reach the merits of issues raised on appeal when appellant fails to meet its burden to perfect the record), *review denied*, 137 Wn.2d 1017 (1999).

the claims are so related that no reasonable segregation of time can be made. *Hume v. Am. Disposable Co.*, 124 Wn.2d 656, 673, 880 P.2d 988 (1994)*, cert. denied*, 513 U.S. 1112 (1995). Specifically, a "court is not required to artificially segregate time . . . where the claims all relate to the same fact pattern, but allege different bases for recovery." *Ethridge v. Hwang*, 105 Wn. App. 447, 461, 20 P.3d 958 (2001).

Here, the trial court specifically found that "[b]ecause all facts that had to be developed through the evidence were integral to all causes of action pled by Acorn [Olympia], Helstrom may recover the entire amount requested without segregating among Acorn [Olympia]'s various causes of action." CP at 441. Although only Acorn Olympia's breach of contract claim arose directly from the REPSA, the unjust enrichment and promissory estoppel claims were alternative theories of recovery based on the same factual circumstance as the breach of contract claim. Therefore, the trial court did not abuse its discretion by finding that the Helstroms were entitled to attorney fees without segregation. Accordingly, we affirm the trial court's award of attorney fees to the Helstroms.

ATTORNEY FEES ON APPEAL

The Helstroms request attorney fees on appeal. The Helstroms argue that this court "should award the Helstroms their costs and attorneys' fees pursuant to RAP 18.1(a)" and then cite the language of RAP 18.1(a). Br. of Resp't at 27.

RAP 18.1(a) allows us to award attorney fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorneys fees or expenses on review." Because the Helstroms are entitled to recover attorney fees under the REPSA, we exercise our discretion and grant the Helstroms' request for attorney fees on appeal.

No. 54501-2-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.