2014 MAR -6 AM 9: 20



## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| 4105 1ST AVENUE SOUTH INVESTMENTS, LLC, <br><br> Respondent, <br><br> v. <br><br> GREEN DEPOT WA PACIFIC COAST, LLC, a Washington limited liability company, <br><br> Appellant, <br><br> ECHOHAUS, INC., a Washington corporation and successor in interest to BUILT-E, INC. d/b/a ENVIRONMENTAL HOME CENTERS, <br><br> Defendant. | No. 68753-1-I <br><br> DIVISION ONE <br><br><br> ORDER GRANTING MOTION TO PUBLISH |

Appellant Green Depot WA Pacific Coast LLC filed a motion to publish the opinion filed on January 13, 2014 in the above case and the respondent has filed an answer to the motion. A majority of the panel has determined that the motion should be granted;

Now, therefore, it is hereby

ORDERED that appellant's motion to publish the opinion is granted.

DATED this 6th day of March, 2011.

FOR THE COURT:

Schindler, J

Judge


FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JAN 13 AM 9: 01

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| 4105 1ST AVENUE SOUTH INVESTMENTS, LLC, | ) ) ) | No. 68753-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| GREEN DEPOT WA PACIFIC COAST, LLC, a Washington limited liability company, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) | |
| ECHOHAUS, INC., a Washington corporation and successor in interest to BUILT-E, INC. d/b/a ENVIRONMENTAL HOME CENTERS, | ) ) ) ) ) | |
| Defendant. | ) | FILED:  January 13, 2014 |

SCHINDLER, J. — 4105 1st Avenue South Investments LLC filed an unlawful

detainer action against Green Depot WA Pacific Coast LLC.  Green Depot argues the

trial court erred in denying its motion for attorney fees as the prevailing party in the

unlawful detainer action.  We reject Green Depot's argument and affirm.

FACTS

On March 22, 2007, Bit Holdings Sixty-One Inc. entered into a commercial lease

agreement with Built-E Inc. for 38,148 square feet of commercial space located at 4121

First Avenue South in Seattle. The 60-month lease began on March 22, 2007 with agreed upon extensions for two successive terms. The lease sets forth an escalating monthly fixed minimum rent for the 60-month term with a provision that addresses interest on past due amounts owed. The lease contains an attorney fee provision for an award of reasonable attorney fees "to be paid by the losing party."

4105 1st Avenue South Investments LLC (4105) acquired the rights to the lease from Bit Holdings Sixty-One. Built-E assigned its rights under the lease to Green Depot WA Pacific Coast LLC (Green Depot). In February 2011, 4105 and Green Depot entered into an assignment and assumption of the March 22, 2007 lease agreement (Assignment and Assumption).[1] Green Depot agreed to all of the terms and conditions of the lease, including the obligation to pay rent "and all other sums owing thereunder." The Assignment and Assumption also contains an attorney fee provision stating that the prevailing party in an action "arising out of or in connection with the Lease or this Agreement . . . shall be entitled to recover from the losing party" reasonable attorney fees or costs without regard to whether "the action is filed or prosecuted to judgment."

In December 2011, 4105 served Green Depot with a three-day notice to pay $106,194.01 in past due rent or vacate. On January 9, 2012, 4105 filed a commercial unlawful detainer action requesting a writ of restitution and alleging breach of the lease agreement. 4105 alleged Green Depot had not paid $106,194.01 in past due rent. 4105 sought a judgment for past due rent, damages, and an award of attorney fees "as authorized by the parties' written agreement," King County Superior Court Case No. 12-

---

[1] The assignment lease was between Built-E as assignor, Green Depot as assignee, and 4105 as landlord.

2

2-01450-7 SEA. In the answer to the unlawful detainer action, Green Depot denied the claim for past due rent of $106,194.01 and that 4105 was entitled to a writ of restitution.

On January 27, 4105 filed a separate cause of action against Green Depot alleging breach of the lease agreement and requesting an award for $106,194.01 in unpaid rent and damages, King County Superior Court Case No. 12-2-03517-2 SEA.

At the show cause hearing on February 24, the court set the unlawful detainer action for an expedited trial. RCW 59.12.130 states that "[w]henever an issue of fact is presented by the pleadings it must be tried by a jury." The court scheduled the trial date for March 26, four days after the end of the lease. The attorney representing 4105 told the court that 4105 had another tenant "lined up" to move into the space, and expressed concern that if Green Depot did not vacate at the end of the lease, 4105 "would be subject to damages in the millions for loss of this new lease agreement." In response, the Green Depot attorney stated his client "[did] not intend . . . to overstay" and agreed that if Green Depot did not vacate by the end of its lease, 4105 "shall be entitled to issuance of a writ of restitution on or after March 23, 2012."

The parties entered into a written memorandum of understanding. In the memorandum, 4105 also agreed to give Green Depot the option to occupy a small portion of the premises through May 31, 2012 at a monthly rate of $8,164.80. The memorandum of understanding states:

> DATED Feb. 24, 2012
> Memorandum of Understanding
> As referenced in Ex Parte Case Scheduling
> Order dated February 24, 2012.
> The undersigned parties agree that Green Depot WA Pacific Coast, LLC, may hold over its occupancy at Suite 4003, consisting of approximately 13,608 [square feet], at the current premises though May 31, 2012, at an all-inclusive monthly cost of $8,164.80. If Green Depot

opts not to hold over for either April or May, Green Depot shall notify 4105 1st Ave. S Investments, LLC, by the 15th of the preceding month. Green Depot's monthly payments shall be due no later than the 22nd of the month for the following month.

The certification for trial states, in pertinent part: "[P]laintiff shall be entitled to issuance of a writ of restitution on or after March 23, 2012 subject to terms agreed upon by parties in the Memorandum of Understanding incorporated herein by reference."

In a March 6 e-mail, the attorney representing Green Depot confirmed that the expedited trial date should be stricken. The attorney reiterated that if Green Depot did not vacate at the end of the lease, 4105 would be entitled to a writ of restitution. The e-mail from the attorney representing Green Depot provides, in pertinent part:

> [I]n light of the February 24 hearing and the parties' agreement that if Green Depot has not vacated the premises by March 23 (subject to the option to occupy a portion of the premises through May) Plaintiff will be entitled to receive a Writ of Restitution, right to possession of the premises is no longer in dispute and the expedited trial date of March 26th should be stricken.

The attorney representing Green Depot also acknowledged that 4015 could "still pursue its separate breach of contract action." In reply, the attorney representing 4105 requested Green Depot sign and return the lease amendment. The e-mail from the attorney representing 4105 also states that "[a]ssuming of course your client opts to vacate on or before [March 23,] I will also draft and send to you for signing a stipulation and order of dismissal of the eviction lawsuit." On March 20, the parties confirmed with the court that the March 26 trial date should be stricken.

On March 22, Green Depot moved out of the leased premises except for the portion it was allowed to continue to occupy. The next day, 4105 sent Green Depot a

4

stipulation and order of dismissal of the unlawful detainer action. Green Depot did not return the stipulation.

On March 26, Green Depot filed a motion for an award of attorney fees and costs of $28,231. Green Depot claimed it was entitled to the award of fees as the "prevailing party" under the terms of the lease because it successfully defended against the unlawful detainer action, and 4105 "has received exactly none of the relief sought."

In opposition, 4105 asserted Green Depot was not the prevailing party because there was a separate pending breach of contract action to resolve the dispute over rent and damages.

The court denied Green Depot's motion for an award of attorney fees and costs as the prevailing party in the unlawful detainer action. On January 11, 2013, the court entered an agreed order dismissing the unlawful detainer action without prejudice to Green Depot's request for an award of attorney fees and costs in the pending breach of contract action. The order states, in pertinent part:

> Green Depot's Motion is GRANTED and [4105]'s claims . . . are dismissed with prejudice, PROVIDED that nothing in this Order shall prejudice either (1) [4105]'s rights, if any, to pursue its breach-of-contract claims raised in King County Cause No. 12-2-03517-[2] or (2) Green Depot's rights, if any, to pursue an award of its fees and costs incurred in this matter.

Green Depot appeals.[2]

---

[2] Green Depot filed a motion for discretionary review of the court's order denying its motion for fees. Because 4105 agreed the attorney fees order in the unlawful detainer action was final, we treated the discretionary review as an appeal.

ANALYSIS

Green Depot contends the court erred in denying the motion for an award of attorney fees and costs as the prevailing party in the unlawful detainer action.[3] Green Depot asserts that under the attorney fee provision of the lease, it is the prevailing party in the unlawful detainer action because it retained possession of the leased premises, successfully defended against issuance of a writ of restitution, and no judgment was entered against it.[4]

Interpretation of the lease provision is a question of law that we review de novo. Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 517, 210 P.3d 318 (2009). Washington follows the objective manifestation of contracts theory. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005). Our primary goal in interpreting a contract is to ascertain the intent of the parties. Hearst, 154 Wn.2d at 503.

We determine intent by focusing on the objective manifestation of the parties in the written agreement rather than the unexpressed subjective intent of either party. Hearst, 154 Wn.2d at 503. Accordingly, a court considers only what the parties wrote; giving words in a contract their ordinary, usual, and popular meaning unless the agreement as a whole clearly demonstrates a contrary intent. Hearst, 154 Wn.2d at

---

[3] There is no dispute that the court had jurisdiction to award attorney fees to the prevailing party even after an unlawful detainer action has been dismissed or possession has become moot. See Housing Authority of Seattle v. Bin, 163 Wn. App. 367, 260 P.3d 900 (2011).

[4] For the first time on appeal, Green Depot also relies on the attorney fee provision in the Assignment and Assumption. Because Green Depot did not cite to or rely on the Assignment and Assumption below, it has waived any argument based on this provision. See Hansen v. Friend, 118 Wn.2d 476, 485, 824 P.2d 483 (1992). Nonetheless, we note that the Assignment and Assumption also states, "[T]he prevailing party or parties shall be entitled to recover from the losing party or parties reasonable attorney's fees and all costs of suit, whether or not the action is filed or prosecuted to judgment."

503-04. " 'Where the terms of a contract are plain and unambiguous, the intention of the parties shall be ascertained from the language employed.' " Marine Enters., Inc. v. Sec. Pac. Trading Corp., 50 Wn. App. 768, 773, 750 P.2d 1290 (1988) (quoting Schauerman v. Haag, 68 Wn.2d 868, 873, 416 P.2d 88 (1966)). The court must harmonize and give effect to all the language in a contract. Nishikawa v. U.S. Eagle High, LLC, 138 Wn. App. 841, 849, 158 P.3d 1265 (2007).

Section 24.11, the attorney fee provision of the lease between 4105 and Green Depot, states:

> **Attorney's Fees.** If either party brings an action regarding terms or rights under this Lease, the prevailing party in any action, on trial or appeal, is entitled to reasonable attorneys' fees as fixed by the court to be paid by the losing party. The term "attorney's fees" shall include, but is not limited to, reasonable attorneys' fees incurred in any and all judicial, bankruptcy, reorganization, administrative and other proceedings, including appellate proceedings, whether the proceedings arise before or after entry of a final judgment and all costs and disbursements in connection with the matter.

Under the plain and unambiguous language of the attorney fee provision, the "the prevailing party in any action, on trial or appeal, is entitled to reasonable attorneys' fees as fixed by the court to be paid by the losing party." Because Green Depot was not the prevailing party in the unlawful detainer action and 4105 was not the losing party, the court did not err in denying Green Depot's request for an award of attorney fees and costs under the terms of the lease.

An unlawful detainer action is a limited statutory proceeding to resolve the right to possession between the landlord and the tenant. Chapter 59.12 RCW; Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). The primary issue in an unlawful detainer action is the "question of possession and related issues such as restitution of the premises and rent." Munden, 105 Wn.2d at 45. If, based on the pleadings, "the

plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution." RCW 59.18.380. But if the answer to the writ presents a genuine issue of material fact pertaining to a legal or equitable defense, the court shall enter an order directing the parties to proceed to trial within 30 days. RCW 59.18.380. And if "the right to possession ceases to be at issue at any time between the commencement of an unlawful detainer action and trial of that action," the unlawful detainer action "may be converted into an ordinary civil suit for damages." Munden, 105 Wn.2d at 45-46.

4105 filed an unlawful detainer action against Green Depot requesting a writ of restitution and entry of a judgment for past due rent in the amount of $106,194.01, and damages in the amount of "$21,470 triple net per month." 4105 also filed a separate breach of contract action against Green Depot for the past due rent, damages, and an award of attorney fees and costs under the lease.

In response to the unlawful detainer action, Green Depot denied owing past due rent. At the show cause hearing, the court set an expedited trial date for March 26, 2012. Green Depot stipulated that it would vacate the premises by the end of the lease term and in the event it did not, agreed 4105 was entitled to a writ of restitution.

We reject Green Depot's argument that it was the prevailing party in the unlawful detainer action because it successfully defended against issuance of a writ of restitution. By contesting past due rent at the show cause hearing, the court was required to set the case for trial rather than issue an immediate writ of restitution. See RCW 59.12.130. A show cause hearing "is not the final determination of the rights of

8

the parties in an unlawful detainer action." Carlstrom v. Hanline, 98 Wn. App. 780, 788, 990 P.2d 986 (2000).

Because Green Depot vacated the premises at the end of its lease term, the expedited trial date in the unlawful detainer action was stricken and 4105 was entitled to pursue its claim for unpaid rent and damages in the breach of contract action. As the superior court noted in the order denying Green Depot's motion for an award of attorney fees and costs in the unlawful detainer action, the dispute over past due rent and damages as well as the request for an award of attorney fees and costs would be resolved in the pending breach of contract action.

The cases Green Depot relies on to argue it was the prevailing party are distinguishable. In Walji v. Candyco, Inc., 57 Wn. App. 284, 286, 787 P.2d 946 (1990), the landlord filed a lawsuit to enforce a commercial lease. The landlord did not prevail in the mandatory arbitration and requested a trial de novo. At the conclusion of the landlord's case, the trial court granted the motion for a voluntary nonsuit under CR 41(a)(2), and awarded the tenant attorney fees and costs under the terms of the lease. Walji, 57 Wn. App. at 286. On appeal, we held that when the plaintiff obtains a voluntary nonsuit, the defendant is the prevailing party. Walji, 57 Wn. App. at 288-89; see also Council House, Inc. v. Hawk, 136 Wn. App. 153, 159-60, 147 P.3d 1305 (2006) (holding that the residential tenant had prevailed for purposes of fees under the unlawful detainer statute where the landlord requested a voluntary dismissal of its unlawful detainer action); Hawk v. Branjes, 97 Wn. App. 776, 779, 781, 986 P.2d 841 (1999) (holding that the commercial tenants were entitled to attorney fees after the landlord

9

voluntarily dismissed its complaint where the lease provided for fees to the " 'successful party' " in any action to enforce the agreement).

Here, unlike in <u>Walji</u>, <u>Council House</u>, or <u>Hawk</u>, dismissal of the unlawful detainer action did not leave the parties in the position "as if the action had never been brought." <u>Wachovia SBA Lending, Inc. v. Kraft</u>, 165 Wn.2d 481, 492, 200 P.3d 683 (2009). 4105 filed a separate breach of contract action against Green Depot to recover the past due rent and damages that was still pending.

We affirm the order denying Green Depot's motion for attorney fees as the prevailing party in the unlawful detainer action. Under the terms of the lease, upon compliance with RAP 18.1, 4105 is entitled to an award of reasonable attorney fees and costs on appeal.

WE CONCUR: