FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 NOV 24 AM 9: 01

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| 4105 1st AVENUE SOUTH INVESTMENTS, LLC, | NO. 70051-1-I |
| Respondent, | DIVISION ONE |
| v. | |
| GREEN DEPOT WA PACIFIC COAST, LLC, a Washington limited liability company; and | |
| Appellant, | UNPUBLISHED OPINION |
| ECOHAUS, INC., a Washington corporation and successor in interest to BUILT-E, INC., d/b/a ENVIRONMENTAL HOME CENTERS, | FILED: November 24, 2014 |
| Defendant. | |

LAU, J. — In its second appeal in this unlawful detainer action, Green Depot once again contends that the trial court erred in denying its request for attorney fees as the prevailing party. We rejected Green Depot's identical arguments in the prior appeal. See 4105 1st Ave. South Investments, LLC v. Green Depot WA Pacific Coast LLC, 179 Wn. App. 777, 321 P.3d 254 (2014) (Green Depot I). Green Depot

has not presented any coherent legal argument for revisiting our prior decision or identified any error in the trial court's decision. Under the law of the case doctrine, our decision in Green Depot I is controlling. We therefore affirm and award attorney fees for a frivolous appeal.[1]

## FACTS

The material facts are undisputed and set forth in detail in Green Depot I. On January 9, 2012, 4105 1st Ave. South Investments, LLC (4105) filed a commercial unlawful detainer action against Green Depot, seeking a writ of restitution and judgment for past due rent. On January 27, 2012, 4105 filed a separate cause of action against Green Depot, alleging a breach of the parties' lease agreement and requesting a judgment for damages and unpaid rent.

The trial court set an expedited trial date in the unlawful detainer action for March 26, 2012, four days after the end of the lease. Before the scheduled trial date, Green Depot stipulated that unless it vacated the premises by the end of the lease, 4105 would be entitled to a writ of restitution. Green Depot also agreed that 4105 could pursue its separate breach of contract action. Because the right to possession was no longer in dispute, the parties agreed that the expedited trial date should be

---

[1] After filing its notice of appeal, Green Depot filed a motion on the merits to reverse. See RAP 18.14. In the alternative, Green Depot asked the court to treat the motion as its opening brief. 4105 filed an answer, asking the court to dismiss Green Depot's appeal for failure to comply with the procedural requirements for a motion on the merits to reverse. See RAP 18.14(b) (motion on the merits to reverse may be filed "any time after the respondent's brief has been filed"). 4105 also filed a motion on the merits to affirm. Because this court does not use the motion on the merits procedure, see general order on the motions on the merits adopted August 18, 2014, we will treat the parties' pleadings as appellate briefs.

stricken. <u>Green Depot</u> I, 179 Wn. App. at 782. Green Depot vacated the premises on March 22, when the lease expired.

On March 26, 2012, Green Depot filed a motion for an award of attorney fees and costs in the unlawful detainer action, arguing that it was the "prevailing party" under the terms of the lease. The trial court denied the motion on April 5, 2012, and Green Depot appealed. On January 13, 2014, this court affirmed in <u>Green Depot</u> I, concluding that Green Depot was not the prevailing party in the unlawful detainer action because the parties' dispute over past due rent and damages remained to be determined in the pending breach of contract action. <u>Green Depot</u> I, 179 Wn. App. at 786.

On January 11, 2013, while Green Depot's first appeal was pending, the trial court entered an agreed order dismissing 4105's claims in the unlawful detainer action without prejudice to Green Depot's claim for attorney fees and costs in the pending breach of contract action. On January 23, 2013, Green Depot filed a renewed motion for attorney fees in the unlawful detainer action.

The trial court denied the motion on February 4, concluding that it lacked authority to revisit the attorney fee request because the identical issue of Green Depot's entitlement to attorney fees in the unlawful detainer action was currently pending in <u>Green Depot</u> I. <u>See</u> RAP 7.2(e). Green Depot once again appeals.

<u>ANALYSIS</u>

Green Depot contends that the entry of the January 11 agreed order of dismissal constituted "a substantive change in circumstances with respect to fees" and therefore authorized the trial court to once again address its claim for attorney

fees as the prevailing party in the unlawful detainer action. Appellant's Motion on the Merits, at 12. Green Depot argues that because the first attorney fee ruling occurred predismissal, the court's analysis in Green Depot I is not controlling. Green Depot provides no relevant legal argument or citation to authority to support these claims.

Under the law of the case doctrine, an appellate court will generally refuse to consider issues that were decided in a prior appeal. See Folsom v. County of Spokane, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988); RAP 2.5(c)(2). Res judicata bars the relitigation of claims that were litigated or could have been litigated in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). Both doctrines serve the goal of avoiding the indefinite relitigation of the same issue and ensuring the finality of judgments. See Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005).

In an apparent effort to avoid these principles, Green Depot asserts that the Green Depot I court "did not have the opportunity in the first appeal to consider the significance of the Order of Dismissal." Appellant's Motion on the Merits at 12. But the court's unambiguous analysis belies this claim.

In affirming the denial of Green Depot's predismissal attorney fee request, this court expressly noted the entry of the January 11 agreed order of dismissal and quoted the relevant provisions. Green Depot I, 179 Wn. App.783. The court then concluded that Green Depot was not the prevailing party in the unlawful detainer action because the parties' dispute over past due rent, damages, and attorney fees remained pending in the separate breach of contract action. Green Depot I, 179 Wn.

App. 786. Finally, in distinguishing the same decisions that Green Depot relies on here, the court expressly incorporated the dismissal into its analysis:

> Here, unlike in Walji [v. Candyco, Inc., 57 Wn. App. 284, 787 P.2d 946 (1990)], Council House, [Inc. v. Hawk, 136 Wn. App. 153, 147 P.3d 1305 (2006)], or Hawk [v. Branjes, 97 Wn. App. 776, 986 P.2d 841 (1999)], dismissal of the unlawful detainer action did not leave the parties in the position "as if the action had never been brought." Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 492, 200 P.3d 683 (2009). 4105 filed a separate breach of contract action against Green Depot to recover the past due rent and damages that was still pending.

Green Depot I, 179 Wn. App. at 787 (emphasis added).

The absence of a formal order of dismissal is clearly unnecessary to the court's analysis. Rather, the court's decision rests on the fact that the parties' disputes were not resolved in the unlawful detainer action but remained pending in the separate breach of contract action.

Precisely the same circumstances existed when the trial court denied Green Depot's renewed motion for attorney fees on February 4, 2013. The parties' disputes remained pending in the separate breach of contract action. Consequently, the parties were in exactly the same position as they were when the trial court denied Green Depot's first motion for attorney fees. Under the circumstances, as the trial court correctly noted, the order of dismissal was merely a "housekeeping matter":

> Because this Court's order of dismissal did not alter the relationship of the parties, provide subsequent relief, or modify a prior judgment of the Court, and because the question whether Defendant is entitled to an award of attorney fees and costs was then and is now pending in the Court of Appeal[s], this Court is divested of jurisdiction to revisit the issue of Defendant's request

70051-1-I/6

for attorney fees and costs, unless and until remanded by the Court of Appeal[s]. See RAP 7.2(a), (e), (i).[2]

Under the law of the case, Green Depot I is controlling. The trial court did not err in denying Green Depot's renewed motion for attorney fees.

4105 requests an award of attorney fees for a frivolous appeal. See RAP 18.9(a). An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). That standard is satisfied here.

Although couched in terms of an alleged "substantive change in circumstances," Green Depot's appeal is nothing more than an attempt to raise the same arguments that this court unambiguously rejected in Green Depot I. Green Depot does not offer any meaningful legal argument supporting its claim of changed circumstances. Nor has it attempted to address the basis for this court's analysis in the prior appeal. 4105 is awarded its attorney fees on appeal subject to compliance with RAP 18.1(d).

Affirmed.

WE CONCUR:

Trickey, J.

Becker, J.

_____
[2] The parties later settled the breach of contract action before trial.

-6-