# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

BTNA LLC, a Washington limited
liability company,

                Respondent,

            v.

FORMOSA BROTHERS
INTERNATIONAL LLC, a Washington
limited liability company; FU MEI CHU,
an individual; and JIH-CHENG CHU and
LIHUI CHU, husband and wife,

                Appellants.

No. 75212-0-I

DIVISION ONE

UNPUBLISHED

FILED: June 26, 2017

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 JUN 26 AM 9: 53

Cox, J. — Where a landlord takes a voluntary nonsuit under CR 41(a) in an unlawful detainer proceeding, the tenant is the "prevailing party" under the terms of the parties' lease.[1] BTNA LLC took a voluntary nonsuit under CR 41(a) in this unlawful detainer proceeding against Formosa Brothers International LLC. But the trial court awarded reasonable attorney fees to BTNA as the "prevailing party" under the parties' sublease. Because this was incorrect, we reverse and remand with directions.

---

[1] Hawk v. Branjes, 97 Wn. App. 776, 781, 986 P.2d 841 (1999); Walji v. Candyco, Inc., 57 Wn. App. 284, 288, 787 P.2d 946 (1990).

This is a commercial unlawful detainer action based on RCW 59.12.010 et seq. Formosa Brothers operates a restaurant and subleases the premises from BTNA. After Formosa Brothers allegedly failed to pay rent, BTNA attempted to serve Formosa Brothers with a three-day notice to pay rent or surrender the premises. Thereafter, BTNA commenced this commercial unlawful detainer action and sought a writ of restitution at a show cause hearing. Formosa Brothers moved to dismiss this action, arguing that the service of the three-day pre-litigation notice was improper.

On April 12, 2016, at the show cause hearing, the trial court denied, without prejudice, BTNA's motion for a writ of restitution. It based this decision, in part, on BTNA's failure to properly serve Formosa Brothers with the three-day pre-litigation notice. The trial court also denied Formosa Brothers' motion to dismiss, orally stating that dismissal "would be a needless waste -- expense."

The parties represented to this court that BTNA then served a new three-day notice, and Formosa Brothers paid the amounts due. On April 19, 2016, the trial court granted BTNA's motion for voluntary dismissal under CR 41(a). But this order did not address either attorney fees or costs. Formosa Brothers has not appealed this order.

On May 10, 2016, the trial court entered its Order Granting Plaintiff's Motion for Attorney Fees and Costs in favor of BTNA. This order was based on a "prevailing party" provision in the parties' sublease.

Formosa Brothers timely appealed this order on May 12, 2016. The notice of appeal only designates the May 10, 2016 order, nothing else.

## ATTORNEY FEES AND COSTS

Formosa Brothers argues that the attorney fees award must be reversed. We agree.

### Notice of Appeal

Neither party disputes that the May 12, 2016 notice of appeal timely brings before this court the only order designated in that notice: the Order Granting Plaintiff's Motion for Attorney Fees and Costs. This ruling held that BTNA was the "prevailing party" under the sublease with Formosa Brothers. This ruling is contrary to Washington law.

"[A] trial court may grant attorney fees only if the request is based on a statute, a contract, or a recognized ground in equity."[2]

We review de novo the legal basis for an attorney fee award.[3]

Here, Formosa Brothers challenges the basis for the attorney fee award in the May 10, 2016 order. Thus, the focus of our analysis is on that order.

### Prevailing Party

Formosa Brothers argues that it was the prevailing party under the terms of the sublease with BTNA. Accordingly, it argues that the trial court improperly awarded BTNA attorney fees. We agree.

The sublease between the parties provides:

> If [Formosa Brothers] or [BTNA] engage the services of an attorney to collect monies due or to bring any action for any relief

---

[2] Gander v. Yeager, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012).

[3] In re Estate of Langeland v. Drown, 195 Wn. App. 74, 82, 380 P.3d 573 (2016), review denied sub nom., Estate of Langeland, 187 Wn.2d 1010 (2017).

against the other, declaratory or otherwise, arising out of this Sublease, including any suit by [BTNA] for the recovery of Rent or other payments, or possession of the Premises, the losing party shall pay the **prevailing party** a reasonable sum for attorneys' fees in such suit in mediation or arbitration, **at trial, on appeal** and in any bankruptcy proceeding.
. . . .[4]

The issue in this case is whether BTNA or Formosa Brothers is the "prevailing party" under the circumstances of this case.

A defendant prevails when a plaintiff obtains a voluntary dismissal under CR 41(a).[5] Walji v. Candyco, Inc.[6] is instructive. There, Queen Anne Group, the landlord, sought enforcement of a commercial lease against Candyco, Inc. in a commercial unlawful detainer proceeding.[7] Thereafter, Queen Anne Group moved for a voluntary dismissal without prejudice under CR 41(a).[8] The trial court granted the motion and awarded Candyco, the tenant, attorney fees according to the prevailing party provision in the lease.[9] The lease provided:

"If by reason of any default on the part of [Candyco] it becomes necessary for the [Queen Anne Group] to employ an attorney, or in case [Queen Anne Group] shall bring suit to recover any rent due

---

[4] Clerk's Papers at 24 (emphasis added).

[5] Andersen v. Gold Seal Vineyards, Inc., 81 Wn.2d 863, 865-68, 505 P.2d 790 (1973); Housing Auth. of City of Seattle v. Bin, 163 Wn. App. 367, 377, 260 P.3d 900 (2011); Council House, Inc. v. Hawk, 136 Wn. App. 153, 159-60, 147 P.3d 1305 (2006); Hawk, 97 Wn. App. at 781; Walji, 57 Wn. App. at 288; Soper v. Clibborn, 31 Wn. App. 767, 769-70, 644 P.2d 738 (1982).

[6] 57 Wn. App. 284, 288, 787 P.2d 946 (1990).

[7] Id. at 286.

[8] Id.

[9] Id.

4

hereunder, or for breach of any provision of this lease, or to recover possession of the lease premises, or if [Candyco] shall bring any action for any relief against [Queen Anne Group], declaratory or otherwise, arising out of this lease, then and in any of such events, the ***prevailing party*** shall be entitled to a reasonable attorneys' fee and all costs and expenses expended or incurred in connection with such default or action."[10]

Queen Anne Group appealed, arguing that Candyco could not be a prevailing party under RCW 4.84.330, which defines a prevailing party as one "'in whose favor [a] final judgment is rendered.'"[11] It also argued that this statutory definition must be used when interpreting the fee provision in the lease.

This court affirmed, explaining that "[a]t the time of a voluntary dismissal, the defendant has 'prevailed' in the commonsense meaning of the word. . . . There is no reason to believe that the parties intended to incorporate [into the lease] this statutory definition, which is not even the usual legal definition."[12]

This court followed this reasoning in Hawk v. Branjes,[13] where a landlord voluntarily dismissed a breach of contract case it commenced against the tenants. This court affirmed the trial court's award of attorney fees to the tenants in accordance with the "successful" party attorney fee provision in the lease.[14]

Here, after Formosa Brothers allegedly failed to pay rent, BTNA attempted service of the three-day pre-litigation notice and then commenced this unlawful

---

[10] Id. at 287 (emphasis added).

[11] Id. (quoting RCW 4.84.330).

[12] Id. at 288.

[13] 97 Wn. App. 776, 778, 986 P.2d 841 (1999).

[14] Id. at 778-79.

detainer action, seeking a writ of restitution and damages. After serving a new three-day notice, it obtained from Formosa Brothers all amounts due. Thereafter, BTNA moved to voluntarily dismiss the case without prejudice based on CR 41(a). The trial court granted BTNA's motion on this basis.

Under the Washington case law that we just discussed, this dismissal made Formosa Brothers, the defendant, the prevailing party under the sublease. The tenant prevailed because BTNA obtained a voluntary nonsuit under CR 41(a).

BTNA relies on 4105 1st Avenue South Investments, LLC v. Green Depot WA Pacific Coast, LLC[15] to support its argument that it was the prevailing party below. That case is distinguishable and does not control this outcome.

There, 1st Avenue South, the landlord, commenced a commercial unlawful detainer action against Green Depot, the tenant, and requested a writ of restitution.[16] 1st Avenue South also commenced a separate breach of contract action against Green Depot for the past due rent, damages, and attorney fees and costs under the lease.[17]

Green Depot denied owing past due rent at the show cause hearing on the writ of restitution, and the trial court set the matter for an expedited trial.[18]

---

[15] 179 Wn. App. 777, 780, 321 P.3d 254 (2014).

[16] Id.

[17] Id. at 785.

[18] Id. at 786.

6

Green Depot later stipulated that it would vacate the premises by the end of the lease term.[19]

Green Depot then moved for attorney fees, claiming it prevailed because it successfully defended against the issuance of a writ of restitution.[20] The trial court denied Green Depot's motion.[21]

On appeal, this court rejected Green Depot's argument. The court noted that a show cause hearing "'is not the final determination of the rights of the parties in an unlawful detainer action.'"[22] It further agreed with the trial court that the disputes regarding past due rent, damages, and fees would be resolved in the separate pending breach of contract action.[23]

In distinguishing Walji and Hawk, which we discussed earlier in this opinion, this court concluded in Green Depot that the case before it did not leave the parties in the position "'as if the action had never been brought.'"[24] The then pending separate action on the lease was to determine the question of fees.

---

[19] Id.

[20] Id. at 782.

[21] Id. at 783.

[22] Id. at 786 (quoting Carlstrom v. Hanline, 98 Wn. App. 780, 788, 990 P.2d 986 (2000)).

[23] Id.

[24] Id. at 787 (quoting Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 492, 200 P.3d 683 (2009)).

Accordingly, this court affirmed the trial court's denial of Green Depot's motion for attorney fees as the prevailing party.[25]

Green Depot is distinguishable for two reasons. First, there is nothing in the opinion to establish that 1st Avenue South obtained a dismissal under CR 41(a).[26] Thus, the case appears to be an exception to the general rule stated in Walji and Hawk. Second, there was a separate breach of contract action against Green Depot for the past due rent, damages, and attorney fees and costs under the lease.[27] Here, there is no such separate action. The question of fees was resolved by the trial court in this unlawful detainer proceeding.

The general rule on award of attorney fees when there is a CR 41(a) dismissal by a landlord under these circumstances controls. BTNA's reliance on Green Depot is misplaced.

BTNA also argues that it prevailed based on a United States Supreme Court case dealing with the federal Civil Rights Act.[28] Why this federal case controls Washington law on the question of attorney fees in a commercial unlawful detainer action is left unexplained. We need not address the Supreme Court case any further.

---

[25] Id.

[26] See id. at 782-83.

[27] Id. at 785.

[28] BTNA's Response Brief at 12 (quoting Lefemine v. Wideman, 568 U.S. 1, 11, 133 S. Ct. 9, 11, 184 L. Ed. 2d 313 (2012)).

BTNA argues for the first time on appeal that a prevailing party is the one that substantially prevails.[29] The record does not show that it made this argument below. Thus, we need not consider this argument.[30]

Accordingly, we reverse the trial court's award of attorney fees to BTNA and remand with directions for the trial court to award reasonable attorney fees to Formosa Brothers, the prevailing party under the sublease for the proceedings below. The amount of such an award must be properly supported by findings of fact and conclusions of law, as Mahler v. Szucs[31] and other cases require.

*On Appeal*

Both parties request attorney fees on appeal. We award fees to Formosa Brothers. The amount of such fees shall also be determined by the trial court on remand.[32]

Here, the plain words of the sublease that we previously quoted also require the award of fees on appeal. Formosa Brothers also prevails on appeal.

Based on RAP 18.9, BTNA requests fees "as an appropriate sanction" due to the fees it incurred in bringing and defending its motion to modify this court's ruling. There is no conduct subject to sanction, and fees are simply not appropriate on this basis.

---

[29] Id. at 16.

[30] See RAP 2.5(a).

[31] 135 Wn.2d 398, 435, 957 P.2d 632 (1998).

[32] RAP 18.1(i).

BTNA also requests fees as the prevailing party if this court grants its motion to modify this court's ruling. Because this motion is moot, we deny this request.

### Costs

Neither party separately argues the awardability of costs either below or on appeal. But the lease provision, which we previously quoted in this opinion, supports the award of costs to Formosa Brothers for trial and appeal. It is so ordered.

## MOTION TO MODIFY

The question in BTNA's motion to modify the commissioner's ruling is "whether the April 12, 2016 [Order on Show Cause Re Writ of Restitution] is within [this court's] scope of review." Because we reverse the May 10, 2016 order awarding fees and costs to BTNA as the prevailing party, there is no need to address this question. The motion to modify is moot.

We reverse the Order Granting Plaintiff's Motion for Attorney Fees and Costs. We remand with directions to the trial court to award reasonable attorney fees and costs for trial and appeal to Formosa Brothers. The award shall be supported, as appropriate, with findings of fact and conclusions of law.

_____Cox, J._____

WE CONCUR:

_Trickey, ACJ_

_Appelwick_