
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DAVID R. BILISKE, Landlord/Landowner, | ) ) ) | No. 39666-5-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MARC A. ANDERSON; CHEYENNA M. ANDERSON; and any other occupants, | ) ) ) ) | |
| Respondents. | ) | |

PENNELL, J. — Marc and Cheyenna Anderson appeal from orders directing issuance of a writ of restitution and denying their request for a stay. We affirm.

BACKGROUND

Marc and Cheyenna Anderson rented a residential property from David Biliske on a month-to-month basis.[1] In November 2022, Mr. Biliske served the Andersons with a 120-day notice of termination of their tenancy, "due to . . . impending substantial rehabilitation of the premises" pursuant to RCW 59.18.200(2)(c)(i). Clerk's Papers (CP) at 28. Mr. Biliske's notice did not provide any details about his planned rehabilitation.

---

[1] The Andersons assert that the property was also used as a farm. However, they cite to no authority indicating that this changes the legal analysis.

The Andersons failed to vacate the premises within 120 days and in March 2023 Mr. Biliske initiated an action in superior court for eviction, citing RCW 59.18.200(2)(c). The verified complaint listed the various renovations Mr. Biliske had planned for the property, including replacing the front porch rail and spindles, replacing the kitchen floor, replacing the well casing, and making repairs to the well pump and water lines. CP at 8. Mr. Biliske requested a writ of restitution restoring him to possession of the property, recovery for any damages sustained to the property during the holdover tenancy, and an award of attorney fees and costs.

Mr. Biliske also moved for order to show cause as to why a writ of restitution should not be immediately issued. A show cause hearing was scheduled for April 18, 2023.

In the week leading up to the show cause hearing, the Andersons answered the complaint and asserted affirmative defenses, counterclaims, and setoffs. The Andersons claimed the 120-day notice of termination of tenancy was defective and that repairs to the premises had either already taken place or did not require displacement. The Andersons also averred that they had expended their own funds to repair the hot water heater and flooring, and to mitigate a rodent infestation. *Id.* at 61-62. No mention was made to the kitchen flooring, well casing, or water lines issues.

The show cause hearing took place as scheduled. Both parties appeared with counsel. During the hearing, Mr. Biliske's attorney provided the court with a building permit dated December 15, 2022. Attached to the permit was a project plan that described work to be performed in the kitchen, including replacing rotten floor joists and floor underlayment. *Id.* at 83. During the hearing, Mr. Biliske's attorney represented that, despite what was stated in the complaint, his client was "not asking . . . for an affirmative money judgment." Rep. of Proc. (RP) (Apr. 18, 2023) at 5.

Counsel for the Andersons argued Mr. Biliske was not entitled to a writ of restitution for several reasons. Relevant to this appeal, the Andersons claimed the 120-day notice was defective. In addition, the Andersons argued that the repairs identified in the complaint had "been ameliorated" and did not require "displacement." *Id.* at 12-13. Counsel for the Andersons did not offer any evidence in support of their position and did not ask the court to consider any testimony.

The trial court granted Mr. Biliske's motion for a writ of restitution. The court's written order explained the Andersons' answer "did not raise issues assertible in an Unlawful Detainer Action sufficient to justify delay [in] entry of a Writ of Restitution." CP at 74. The court determined the Andersons were in unlawful detainer and ordered a writ of restitution, authorizing the sheriff to restore Mr. Biliske to possession of the

property. The writ of restitution and notice from the sheriff's office were delivered to the Andersons that evening. *Id.* at 98.

On April 24, 2023, the Andersons filed an ex parte motion for a stay pending reconsideration. Each of the Andersons submitted a declaration in support of the motion. They declared they were willing to post a bond pending trial. They also asserted Mr. Biliske's purported reasons for terminating the tenancy were pretextual, as he really wanted "to rent the property for more money or to sell it." *Id.* at 98, 123. They added that the repair estimate attached to Mr. Biliske's December 2022 work permit was from a nonexistent contracting company. *See id.* at 99, 124.

At the time the Andersons moved for reconsideration, the presiding judge was away at a judicial conference. As a result, no immediate action was taken on the motion. The writ of restitution was then executed on the morning of April 27, 2023. *See id.* at 158.

The court held a hearing on the motion for reconsideration several hours after execution of the writ of restitution. *See id.* at 161. During the hearing, the court noted that it's the landlord's "call"—not the tenants'—to determine whether a property is in need of rehabilitation. RP (Apr. 27, 2023) at 50. The court reasoned the fact that the tenant disagrees as to the necessity of any repairs "is not a genuine issue of material fact." *Id.* The court subsequently issued an order denying the request for a stay. The court

explained that "[a]t entry of the Order for Writ and issuance of the Writ on April 18, 2023, this Court found no genuine issue of material fact to exist." CP at 169. The court wrote that "[e]ntry of the Order for Writ and issuance of the Writ terminated proceedings and therefore there were no issues to be decided at a trial." *Id.* The court then ruled that the order for writ of restitution and writ of restitution were final orders for purposes of RAP 2.2.

The Andersons filed notices of appeal.

## THE UNLAWFUL DETAINER PROCESS

An unlawful detainer action is a statutory proceeding that provides landlords an expedited process for resolving disputes over possession of leased property and related issues such as restitution and rent. *4105 1st Ave. S. Invs., LLC v. Green Depot Wash. Pac. Coast, LLC*, 179 Wn. App. 777, 785, 321 P.3d 254 (2014). Washington's unlawful detainer process is set forth in chapter 59.12 RCW and the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. Because chapter 59.12 RCW and the RLTA "are statutes in derogation of the common law," they are "strictly construed in favor of the tenant." *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 156, 437 P.3d 677 (2019).

Before initiating an unlawful detainer action, a residential landlord must first issue a notice to terminate the tenancy. *See* RCW 59.18.650(6)(a). Permissible grounds for termination of a residential tenancy are set forth in RCW 59.18.650(2). Relevant here, one such ground is when "[t]he tenant continues in possession of the premises after the landlord serves the tenant with advance written notice pursuant to RCW 59.18.200(2)(c)." RCW 59.18.650(2)(f). Under RCW 59.18.200(2)(c)(i), a landlord must provide a 120-day notice of termination of tenancy "[w]henever a landlord plans to demolish or substantially rehabilitate [the] premises." "'Substantially rehabilitate' means extensive structural repair or extensive remodeling of premises that requires a permit such as a building, electrical, plumbing, or mechanical permit, and that results in the displacement of an existing tenant." RCW 59.18.200(2)(c)(ii)(D).

If a tenant remains in possession of the premises in violation of the terms of the landlord's notice, the landlord may initiate the unlawful detainer action. *See Randy Reynolds*, 193 Wn.2d at 156. To physically evict the tenant, "a landlord may apply for a writ of restitution at the same time as commencing the action or at any time thereafter." *Id*. at 157. A writ of restitution may be issued by the trial court after a preliminary show cause hearing. *See* RCW 59.18.370, .380.

6

A trial court's decision to issue a writ of restitution at the conclusion of a show cause hearing does not constitute a final adjudication of the parties' case. *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 211-12, 528 P.3d 834 (2023). Trial may still be required. *See Webster v. Litz*, 18 Wn. App. 2d 248, 256, 491 P.3d 171 (2021). But similar to a summary judgment proceeding, a court conducting a show cause hearing may issue a final judgment in lieu of trial if "there is no substantial issue of material fact." RCW 59.18.380.

## ANALYSIS

The Andersons challenge the trial court's rulings, arguing: (1) the 120-day notice to vacate was defective, (2) the trial court mishandled the show cause hearing, (3) the matter should have been set for trial, and (4) the trial court erroneously refused to issue an order staying the writ of restitution. Each argument is addressed in turn.

### 1. Sufficiency of the 120-day notice

The Andersons contend Mr. Biliske's 120-day notice was deficient because it failed to describe what type of rehabilitation was planned for the property. A challenge to the adequacy of notice presents a mixed question of law and fact, reviewed de novo. *Daniels*, 26 Wn. App. 2d at 215.

"Washington courts require landlords to strictly comply with timing and manner requirements of notice. . . . But when it comes to form and content, substantial compliance is sufficient." *Id*. at 215 (internal citation omitted). In terms of substance, RCW 59.18.650(6)(b) requires that a notice to vacate "[i]dentify the facts and circumstances known and available to the landlord at the time of the issuance of the notice that support the cause or causes with enough specificity so as to enable the tenant to respond and prepare a defense to any incidents alleged." This provision "requires landlords to provide sufficient facts to provide the tenant a meaningful opportunity" to respond to the landlord's case for eviction, "but not more." *Garrand v. Cornett*, __ Wn. App. 2d __, 550 P.3d 64, 70-71 (2024).

The notice here stated Mr. Biliske sought to terminate the Andersons' tenancy because he planned "substantial[] rehabilitat[ion] [of the] premises" pursuant to RCW 59.18.200(2)(c)(i). The Andersons claim this notice was deficient because it did not supply details that would have allowed them to "seek to rehabilitate the conditions on [their] own at [their] own expense." Appellants' Opening Br. at 16. They also argue that details were necessary to allow them to show that "rehabilitation was no longer needed." *Id*. at 16-17.

The Andersons' criticisms fail because they are based on a misunderstanding of

the applicable statue. Under RCW 59.18.200(2)(c) it is the "landlord" that has the right

to make "plans" to rehabilitate their property. Nothing in the statute allows a tenant to

thwart the landlord's plans by conducting repairs themselves. Furthermore, there is no

requirement under RCW 59.18.200(2)(c) that a landlord's planned renovations must

be necessary. The reasons for the rehabilitation are the prerogative of the landlord as

the property owner and it is no defense to termination of the tenancy that the planned

rehabilitation is not "needed." Appellants' Opening Br. at 16-17.

The Andersons are not entitled to relief based on insufficiency of notice.

## 2. The show cause hearing

The Andersons argue the trial court violated the requirements of a show cause

hearing set forth in RCW 59.18.380 when it issued a writ of restitution without first

taking any testimony or requiring evidence to support the grounds for eviction. Because

the show cause process is governed by statute, this is a legal argument reviewed de novo.

*See Country Manor MHC, LLC v. Doe*, 176 Wn. App. 601, 608, 308 P.3d 818 (2013).

At a show cause hearing, the court may grant a landlord a writ of restitution "if

it shall appear" that they have "the right to be restored to possession of the property."

RCW 59.18.380. A trial court has considerable leeway in conducting a show cause

hearing. *See Country Manor*, 176 Wn. App. at 612. But there are some fundamental

ground rules. The court must require the landlord to produce evidence justifying its stated basis for eviction. *See Hernandez v. France*, 29 Wn. App. 2d 777, 784-85, 544 P.3d 518 (2024). And, when it comes to assessing a tenant's defenses, the trial court must engage in a two-step process:

> (1) the trial court must ascertain whether *either* the defendant's written or oral presentations potentially establish a viable legal or equitable defense to the entry of a writ of restitution; and (2) the trial court must then consider sufficient admissible evidence (including testimonial evidence) from parties and witnesses to determine the merits of any viable asserted defenses.

*Leda v. Whisnand*, 150 Wn. App. 69, 83, 207 P.3d 468 (2009).

Here, during the parties' show cause hearing, Mr. Biliske presented evidence justifying the stated basis for terminating the tenancy. Through the verified complaint and supporting documents, Mr. Biliske demonstrated that he owned the property; the Andersons were month-to-month-tenants; the Andersons had been served with a 120-day notice; and there were plans to substantially renovate the property. In his verified complaint, Mr. Biliske explained that the property's well casing needed to be replaced and the water lines repaired. Mr. Biliske's building permit documentation indicated he planned to repair rotting floor joists and floor underlayment. The trial court observed that these are the types of repairs that can justify tenant displacement under RCW 59.18.200(2)(c).

The Andersons argue that Mr. Biliske's evidence should have been introduced through testimony. We are unpersuaded. At the time of the show cause hearing, the Andersons, who were represented by counsel, did not object to Mr. Biliske's evidence.[2] Any objection to the evidence was therefore waived. *See* RAP 2.5(a); *see also Hernandez*, 29 Wn. App. 2d at 786-87 (declining to review unpreserved objection to evidence proffered at a show cause hearing).

The Andersons complain that the trial court never elicited testimony from them regarding defenses to eviction. But during the show cause hearing, the Andersons never requested an opportunity to present any testimony. And more importantly, they failed to articulate a potentially viable defense to Mr. Biliske's unlawful detainer complaint. In their answer to the complaint, the Andersons alleged they were entitled to reimbursement for self-help repairs.[3] But this argument did not pertain to the question of who was entitled to possession of the premises. It therefore fell outside the realm of an unlawful detainer action and could not constitute a viable defense. *See Young v. Riley*, 59 Wn.2d

---

[2] The Andersons cite to a passing concern about the nature of Mr. Biliske's evidence that their counsel belatedly expressed at the hearing on their motion for a stay pending reconsideration. *See* RP (Apr. 27, 2023) at 48-49. This was insufficient to preserve an objection.

[3] As previously noted, Mr. Biliske outlined planned rehabilitation work distinct from the Andersons' purported self-help repairs.

50, 52, 365 P.2d 769 (1961); *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295

(1985).[4] Because the Andersons failed to raise a viable defense in their answer to

Mr. Biliske's unlawful detainer complaint, the trial court was not required to take

any additional evidentiary steps. *See Leda*, 150 Wn. App. at 83.

The trial court's show cause hearing met the fundamental requirements of

RCW 59.18.380. The Andersons therefore are not entitled to relief based on an

inadequate show cause hearing.

## 3. Necessity of trial

The Andersons argue that even if Mr. Biliske was entitled to a writ of restitution at

the close of the show cause hearing, the matter still should have been set for trial. There is

a distinction between a trial court's grant of immediate possession pending trial and the

ultimate right to possession. *Daniels*, 26 Wn. App. 2d at 212. Just because a landlord

succeeds in securing a writ of restitution at a show cause hearing does not necessarily

mean the matter is final or that the tenant is not entitled to a trial. *See Randy Reynolds*,

193 Wn.2d at 157. Rather, the availability of trial turns on whether there is "a genuine

issue of material fact" pertaining to a landlord's right to possession or a tenant's defense.

---

[4] During the trial court process, the Andersons also made mention of an oral contract to sell the premises and a claim of retaliatory eviction. However, those issues are not mentioned on appeal and therefore do not merit discussion by our court.

RCW 59.18.380. This is akin to the summary judgment standard. *See Faciszewski v. Brown*, 187 Wn.2d 308, 315 n.4, 386 P.3d 711 (2016). Our review is therefore de novo. *Daniels*, 26 Wn. App. 2d at 218-19.[5]

Here, the facts presented to the trial court at the time of the show cause hearing failed to demonstrate a material issue of fact for trial. As previously noted, Mr. Biliske presented uncontested evidence that he owned the property, that the Andersons were month-to-month tenants, that he served them with a 120-day notice, and that he had plans to substantially rehabilitate the property. Although there was a request for damages and attorney fees in Mr. Biliske's unlawful detainer complaint, his attorney disclaimed a request for a money judgment at the time of the show cause hearing.

The Andersons challenge the sufficiency of the foregoing facts, arguing Mr. Biliske failed to show his planned renovations met the criteria for a substantial rehabilitation under RCW 59.18.200(2)(c). We are unpersuaded. The governing statute defines substantial rehabilitation as an "extensive structural repair or extensive

---

[5] Division Two of this court has stated we review a trial court's decision on whether to order a trial in this context for abuse of discretion. *See Tedford v. Guy*, 13 Wn. App. 2d 1, 16, 462 P.3d 869 (2020). This determination is not binding on us. *See In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018). Our court has previously determined that, given the language set forth in RCW 59.18.380, "something close to de novo review should apply." *Daniels*, 26 Wn. App. 2d at 218-19.

remodeling" that would require a "permit" and result in "displacement of an existing tenant." RCW 59.18.200(2)(c)(ii)(D). Mr. Biliske's evidence met these criteria. According to the evidence, Mr. Biliske planned to replace floor structures and plumbing. It is self-evident that this type of work is extensive. In addition, it is the type of work that would reasonably displace a tenant given that it implicates a landlord's duty to provide habitable premises. *See* RCW 59.18.060(2) (requiring usable floors); RCW 59.18.060(8) (requiring working plumbing); RCW 59.18.060(11) (requiring adequate water and hot water). Mr. Biliske produced a "residential remodel permit" in support of his planned renovation. *See* CP at 81. Given all these circumstances, the statutory criteria for termination of tenancy based on substantial rehabilitation were met. While the Andersons might have been willing to occupy the premises during Mr. Biliske's repairs, their subjective willingness is irrelevant to a termination of tenancy under RCW 59.18.200(2)(c). *See* RCW 59.18.200(2)(c)(i), (ii) (allowing a landlord to notify tenants of the need to vacate if the "landlord plans" to engage in renovations which require the tenant's "displacement").

The evidence produced at the show cause hearing demonstrated that there were no outstanding issues of material fact; thus, the court was not required to set the matter for trial. *See Tedford v. Guy*, 13 Wn. App. 2d 1, 16-17, 462 P.3d 869 (2020). Technically

speaking, the trial court should have formally issued a final judgment in addition to the writ of restitution. *See Hernandez*, 29 Wn. App. 2d at 784. Doing so would have left no doubt that the Andersons' appeal was as a matter of right. *See id.* But the trial court did expressly state its intent that the writ of restitution be considered a final ruling. *See* CP at 169. We will treat a writ of restitution as a final judgment if issuance of the writ has the effect of discontinuing the parties' dispute. *See Hernandez*, 29 Wn. App. 2d at 784 (citing RAP 2.2(a)(3)). Thus, we find no error in the trial court's decision not to set this matter for trial.

## 4. *Denial of stay*

The Andersons argue the trial court erred when it failed to stay the writ of restitution. According to the trial court, it lacked authority to grant relief because the writ had already been executed. This ruling was likely erroneous. *See* RCW 59.12.220 (allowing displaced tenants to post an appellate bond restoring them to "possession of the premises" during the pendency of appeal). Nevertheless, because the Andersons have not prevailed in their other arguments on appeal, this issue is moot and requires no further discussion. *See In re Marriage of Laidlaw*, 2 Wn. App. 2d 381, 393-94, 409 P.3d 1184 (2018).

No. 39666-5-III
*Biliske v. Anderson*

ATTORNEY FEES

Both parties request an award of reasonable attorney fees and costs on appeal under RCW 59.18.290. Under this statute, a court "may" award attorney fees to the "prevailing party" in an unlawful detainer action. RCW 59.18.290(1), (2). Here, the Andersons have not prevailed and therefore are not entitled to fees. Mr. Biliske is the prevailing party. Because the Andersons have not raised any viable defenses to Mr. Biliske's unlawful detainer action, we exercise our discretion to grant his request for reasonable attorney fees and costs, subject to timely compliance with RAP 18.1(d).

CONCLUSION

The trial court's disposition is affirmed. Mr. Biliske's request for reasonable attorney fees is granted.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

I CONCUR:                                    I CONCUR AS TO RESULT ONLY:

_____      _____
Lawrence-Berrey, C.J.                        Fearing, J.

16